The Chicago, Milwaukee and St. Paul Railway Company

*v.*

Mary Dowd, Admx.

*Filed at Ottawa January 25, 1886.*

Instruction—*in suit to recover for death from negligence—whether to be regarded as stating the law in respect to negligence, or only as fixing the measure of damages.* In an action to recover damages for causing the death of the plaintiff's intestate by negligence, the court, on behalf of the plaintiff, instructed the jury "that if they should find, from the evidence in the case, and under the instructions of the court, that the defendant is guilty of the wrongful act, neglect or default as charged in the plaintiff's declaration, and that the same resulted in the death of P. D. (the intestate,) then the plaintiff is entitled to recover in this action, for the benefit of the widow and next of kin of such deceased, such damages as the jury may deem, from the evidence and proofs, a fair and just compensation thereof, having reference only to the pecuniary injuries resulting from such death to such widow and next of kin, not exceeding the amount claimed in the declaration." It was objected that the instruction failed to state the law with regard to comparative negligence, and ignored the question of the care or negligence of the deceased: *Held,* that the instruction was not to be regarded as one stating the law in respect to negligence, but as relating to the measure of damages in case the plaintiff should recover, and that there was no error in giving the same.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Mr. E. Walker, and Mr. Lincoln Brooke, for the appellant.

Messrs. Monroe & Leddy, for the appellee.

Mr. Justice Tunnicliff delivered the opinion of the Court:

The appellee, as administratrix of Patrick Dowd, brought her action in case against the appellant railway company, alleging in her declaration, in substance, that on the 9th of February, 1883, the defendant was operating a switch engine,

used in switching defendant's cars, and that the intestate, Patrick Dowd, was its servant, employed as a switchman to assist in transferring cars and turning switches, and that in the performance of this service it was necessary for him to climb upon the switch engine upon a certain step at the end of the engine, and that to maintain himself in a proper and safe position upon said step, he had to hold on to a certain rod or handle theretofore placed on the engine, and that while, with due care and caution, without negligence, or the negligence of his co-servants then assisting him, he was standing on said step, the engine being in motion, and holding on by said iron rod, the same gave way through the negligence of said defendant in permitting the same to be out of repair and in an unsafe and dangerous condition, and unfit and of insufficient strength to support him, the said Dowd, and that said handle, with its fastenings, became detached from the engine, and that he, having hold of it, was thrown upon the ground and under the wheels of the engine, and killed. The case was tried by a jury, who found the railway company guilty, and assessed the plaintiff's damages at $3500. A judgment was rendered upon the verdict, and affirmed by the Appellate Court for the First District. The railway company brings the case to this court, and asks that the judgments of the courts below be reversed, because of the giving of the following instruction to the jury, on behalf of the plaintiff in the trial court:

"The court further instructs the jury, that if they should find, from the evidence in the case and under the instructions of the court, that the defendant is guilty of the wrongful act, neglect or default, as charged in the plaintiff's declaration, and that the same resulted in the death of Patrick Dowd, then the plaintiff is entitled to recover in this action, for the benefit of the widow and next of kin of such deceased, such damages as the jury may deem, from the evidence and proofs, a fair and just compensation thereof, having reference only

to the pecuniary injuries resulting from such death to such widow and next of kin, not exceeding the amount claimed in the declaration."

The objection urged against the instruction is, that it fails to state the law with regard to comparative negligence, and, in fact, ignores the question as to whether the intestate had exercised any care whatever; and in support of this objection, appellant's counsel invoke the rule often announced by this court, that where the case is close in its facts, each instruction should state the law correctly, for the reason that the jury are as likely to follow a bad instruction as a good one.    The argument of counsel is plausible, and would be entitled to much weight if the instruction in question is to be regarded as one stating the doctrine of negligence, or laying down any hypothesis upon which the plaintiff would be entitled to recover.    But such is not its character, and it must be held as relating solely to the measure of damages, in case the jury should find, from the evidence, under the instructions of the court, that the plaintiff was entitled to recover, unless we are to overrule the former decision of this court in the case of *Chicago, Burlington and Quincy Railroad Co.* v. *Payne,* 59 Ill. 534.    In that case an instruction precisely similar to the one complained of here, was given, and in regard to which the court then said:    "The point of this instruction is the measure of damages, and is in this respect entirely correct. But appellant's counsel insist that it is wrong because it withdraws from the jury all consideration of the conduct of the deceased.    We do not think the instruction obnoxious to the criticism, as claimed.    It is not an unusual, nor is it an objectionable, practice, where the plaintiff's counsel desire an instruction as to the rule of damages, to say to the jury, that if they find, from the evidence, that the defendant is guilty as charged in the declaration, then the plaintiff is entitled to recover, and define the measure of damages.    Such a mode obviates the necessity of stating, and perhaps of reiterating,

hypothetically, each element of the cause of action before coming to the real point of the instruction. The declaration here alleges that the death of Albert T. Payne was caused by the wrongful acts, neglect and default of defendant's servants, while he was exercising due care."

In three instructions given on behalf of plaintiff, in this case, and in four given for defendants below, the jury were told, in various forms of expression, in substance, that there could be no recovery if, at the time of the injury, Dowd himself was not in the exercise of ordinary care and diligence, and in this fourth instruction they are informed, in effect, that if they should find, from the evidence and the instructions of the court, that the defendant is guilty, as to what the measure of damages should be.

In the opinion of a majority of the court there was no error in the giving of the instruction, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*