Syllabus.

## THE PENNSYLVANIA COMPANY

*v.*

## HENRY MARSHALL, Admr.

*Filed at Ottawa January 25, 1887.*

1. NEGLIGENCE—*instructions limited to the question of the measure of damages, as distinct from such as are designed to lay down the rule in respect to due care and comparative negligence.* In an action against a railway company to recover for the killing of the plaintiff's intestate,—the result, as alleged, of negligence on the part of the defendant,—where the jury is properly instructed as to the right to recover, another instruction relating to the measure of damages in case of a recovery, is not erroneous, merely on the ground that it ignores the question of comparative negligence, or the care on the part of the deceased.

2. In such a case, the court instructed the jury, that if they believed, from the evidence, the plaintiff had made out his case as laid in the declaration, to find for him, and in another instruction told the jury, that if they found, from the evidence, that the defendant was guilty of the wrongful act, neglect or default, as charged, and that the same resulted in the death of the plaintiff's intestate, then the plaintiff was entitled to recover such damages as they might deem, from the evidence, a fair and just compensation therefor, having reference to the pecuniary injuries resulting from such death to the plaintiff and next of kin, not exceeding the amount in the declaration, and that sorrow or grief for the deceased, or any pain caused to the next of kin by the manner of his death, should not be considered. The second instruction was claimed to be erroneous, as ignoring the question of the care or negligence of the deceased: *Held,* that as the object of such instruction was merely to give the proper measure of damages, and not to lay down any rule as to the doctrine of negligence, the instruction was not open to the objection urged against it.

3. SAME—*an instruction construed, as whether ignoring the question of due care.* In the same case, the declaration averred that the plaintiff's intestate, when struck by the defendant's train of cars, was in the exercise of due care and diligence, and that his death was the result of the carelessness and negligence of the defendant. The court instructed the jury, that if they believed, from the evidence, that the plaintiff had made out his case as laid in the declaration, they should find for him: *Held,* that such instruction was not obnoxious to the objection of ignoring the question whether the deceased was in the exercise of due care for his personal safety.

4. INSTRUCTION—*should be based on the evidence.* Instructions must be based upon evidence; and the court is not required to give an instruction,

119 399
131 325
119 399
133 642
119 399
143 59
40a 370
119 399
157 367
119 399
66a 442
119 399
92a 1318
119 399
190 2133
190 2542
119 399
192 3 26
119 399
104a 2612
119 399
206 3331
119 399
211 534
119 399
114a 4575

although, as an abstract proposition of law, it may be correct, unless there is evidence before the jury upon which it may be properly predicated.

5. So in an action against a railway company for causing the death of an intestate by negligence, where there was no evidence that the deceased went upon the railroad track in a reckless and heedless manner, or failed to exercise that degree of care and caution that a prudent man would observe to avoid danger, it was held no error to modify an instruction asked by the defendant, to the effect that if the deceased knowingly attempted to cross the track without looking for the approach of a train, he was guilty of negligence,—so that it left it as a question for the jury to determine, whether, under the facts, he was guilty of negligence.

6. SAME—*in case of several counts—of an instruction ignoring one of them.* Where a plaintiff seeks to recover for negligence, under two different counts, relying upon different matters as negligence, an instruction by the defendant applicable only to one of the counts, and ignoring the right to recover under the other count, is properly refused.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

The declaration in this case consisted of three counts, in substance as follows:

*First count*—For that the defendant, in the lifetime of said James Marshall, to-wit, on the 27th of March, 1881, in the county aforesaid, was possessed, using and operating a certain railroad and a certain locomotive and cars, which were then and there under the management of certain servants of the defendant, who were then and there driving the same upon and along said railroad, toward a public street, known as Eighteenth street, and while the said Marshall, with all due care and diligence, was then and there walking across said railroad at the said crossing upon said street, the defendant then and there, by its servant, so carelessly, negligently and improperly drove and managed the engine and cars, that by reason thereof the said engine and cars ran into, upon and over the said Marshall, whereby he was then and there killed.

*Second count*—Same as first, except breach of duty therein alleged, viz: failure to keep and maintain a flagman and bell

tower at said crossing to warn persons traveling in the direction of the crossing.

*Third count*—Same as first, except breach of duty therein alleged, viz: failure to ring the bell of the locomotive.

The court gave only two instructions on behalf of plaintiff, which are given in the opinion. The defendant's eighth and ninth instructions, as asked, were as follows:

"8. If the jury believe, from the evidence, that the deceased possessed the faculty of seeing and hearing, and that at the time in question he knowingly attempted to cross the track in question without looking for the approach of a train before going upon the track, (if the jury believe, from the evidence, he did go upon the track,) then he was guilty of negligence.

"9. If the jury believe, from the evidence, that the train in question, at and before the time of the accident to the deceased, was being run in a manner reasonably proper, under all the circumstances shown by the evidence, then the jury should find for the defendant."

The court refused to give these instructions as asked, or either of them, but modified the same, and gave them to the jury, as follows:

"8. If the jury believe, from the evidence, that the deceased possessed the faculty of seeing and hearing, and that at the time in question he knowingly attempted to cross the track in question without looking for the approach of a train before going upon the track, and that by reason of so doing he was guilty of negligence, and that he lost his life in consequence of his own carelessness and negligence, then the jury will find for the defendant.

"9. If the jury believe, from the evidence, that the train in question, at and before the time of the accident to the deceased, was being run in a manner reasonably proper, under all the circumstances shown by the evidence, and that the deceased came to his death by reason of his own carelessness and neg-

ligence, and not the negligence of the defendant, then the jury should find for the defendant."

The other material facts appear in the opinion.

Messrs. WILLARD & DRIGGS, for the appellant:

The second of plaintiff's instructions wholly ignores the question of comparative negligence. It relates not only to the measure of damages, but to certain elements which must be considered in determining whether there is a right of recovery. These elements are, first, that defendant was guilty of the wrongful act, neglect or default, as charged; and second, that such wrongful act resulted in the death of the deceased. Instructions of this kind have been repeatedly pronounced erroneous by this court. *Railroad Co.* v. *Harwood,* 80 Ill. 88; *Railway Co.* v. *Dimick,* 96 id. 42; *Railway Co.* v. *Shacklet,* 105 id. 364; *Peoria* v. *Simpson,* 110 id. 294; *Railroad Co.* v. *Morrissey,* 111 id. 646.

The ninth of defendant's instructions, as modified, is subject to the same objection. The words added by the court left the jury at liberty to find that if the deceased came to his death by reason of his own carelessness and the negligence of the defendant, then they might find for the plaintiff, without any comparison of the degrees of negligence on the part of deceased and defendant.

The eighth instruction, as asked, made it the duty of the deceased, as matter of law, to look out for the approach of a train before going upon the track. The court so modified it as to leave the jury to say whether, under the circumstances recited therein, an omission on his part to look out for a train would be negligence. That the instruction, as asked, was proper, see *Railroad Co.* v. *Godfrey,* 71 Ill. 500; *Railroad Co.* v. *Goddard,* 72 id. 567; *Railway Co.* v. *Jones,* 76 id. 311; *Railway Co.* v. *Hatch,* 79 id. 137; *Railway Co.* v. *Riley,* 47 id. 514; *Railroad Co.* v. *Jacobs,* 63 id. 178; *Railroad Co.* v. *Van Patten,* 74 id. 91; *Railroad Co.* v. *Damerell,* 81 id. 450;

*Railroad Co.* v. *Hetherington,* 83 id. 510 ; *Railway Co.* v. *Hart,* 87 id. 429 ; *Austin, Admx.* v. *Railway Co.* 91 id. 35 ; *Railway Co.* v. *Dimick,* 96 id. 42 ; *Pennsylvania Co.* v. *Rudel,* 100 id. 603 ; *Railroad Co.* v. *Johnson, Admx.* 103 id. 512 ; *Railroad Co.* v. *Robinson,* 106 id. 142 ; *Pennsylvania Co.* v. *Frana,* 112 id. 398.

This is in accord with other courts of last resort. *Railroad Co.* v. *Stead,* 95 U.S. 161 ; *Henze* v. *Railroad Co.* 71 Mo. 636 ; *State* v. *Railroad Co.* 76 Me. 357 ; *Railroad Co.* v. *Houston,* 95 U. S. 697 ; *Schofield* v. *Railway Co.* 114 id. 615 ; *Railway Co.* v. *Snyder,* 24 Ohio St. 670 ; *Warner* v. *Railroad Co.* 44 N. Y. 465 ; *Railroad Co.* v. *Miller,* 25 Mich. 274 ; *Railroad Co.* v. *Hileman,* 47 Pa. St. 60 ; *Artz* v. *Railroad Co.* 34 Iowa, 153 ; *Butterfield* v. *Railroad Co.* 10 Allen, 532 ; *Brown* v. *Railway Co.* 22 Minn. 165 ; *Haas* v. *Railway Co.* 41 Wis. 44 ; *Telfer* v. *Railroad Co.* 1 Vroom, 188.

Mr. MORTON CULVER, and Mr. SIMON P. DOUTHART, for the appellee :

Plaintiff's second instruction is not subject to the criticism made upon it. It relates solely to the measure of damages. It is sustained in other cases. *Railroad Co.* v. *Dowd,* 115 Ill. 659 ; *Railroad Co.* v. *Payne,* 59 id. 534.

Defendant's eighth instruction made it the absolute duty of the deceased to look for the approach of the train, whether it was in his power or not.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

This was an action brought by Henry Marshall, administrator, against the Pennsylvania Company, to recover damages on account of the death of his son, James Marshall, who was run over by the company's train of cars on the 27th day of March, 1881, at the corner of Grove and Eighteenth streets, in the city of Chicago. The plaintiff based his right of recovery on the negligent management of the train by the servants of

the defendant, and on a trial before a jury he recovered a judgment for $2000, which, on appeal, was affirmed in the Appellate Court.

On this appeal, the only question relied upon in the argument to reverse the judgment, is the alleged erroneous ruling of the Superior Court on the instructions to the jury. The instructions given for the plaintiff are very brief, and are as follows:

"1. If the jury believe, from the evidence, that the plaintiff has made out his case as laid in his declaration, they must find for the plaintiff.

"2. If the jury find, from the evidence, and under the instructions of the court, that the defendant corporation is guilty of the wrongful act, neglect or default, as charged in the plaintiff's declaration, and that the same resulted in the death of the deceased, then the plaintiff is entitled to recover such damages as the jury may deem, from the evidence and proof, a fair and just compensation therefor, having reference only to the pecuniary injuries resulting, from said death, to the said plaintiff and next of kin, not exceeding the amount in the declaration. Sorrow or grief for the deceased, or any pain caused to the next of kin by the manner of his death, is not to be considered by the jury, and the pecuniary value of the life of the deceased to the next of kin himself surviving, is all for which damages can be assessed."

No fault is found with the first one given, but it is contended that the second is erroneous, on the alleged ground that it ignores entirely the question of comparative negligence. It is apparent from the language of the instruction, that its object was not to lay down any rule of law for the consideration of the jury, upon the doctrine of negligence, but the purpose was to inform the jury as to the measure of damages, in case they arrived at the conclusion, from the evidence, that the plaintiff was entitled to recover, and for this purpose we perceive no objection to the instruction. In the first in-

struction, the jury were told, that if they believed, from the evidence, that the plaintiff had made out his case as laid in the declaration, they would find for the plaintiff. In the declaration it was expressly averred, that the deceased, when struck by the train, was in the exercise of due care and diligence, and that his death was the result of the carelessness and negligence of the defendant. With the declaration before the jury, and this charge directing their attention to it, it seems manifest that the jury could not be misled, nor could they arrive at the conclusion that the plaintiff might recover if the deceased was guilty of negligence which contributed to his death. When the object intended to be accomplished by each of the two instructions is understood, and their bearing properly considered, we think they are free from objection. Indeed, the second instruction is almost identical with one sustained by this court in the recent case of *Chicago, Milwaukee and St. Paul Railway Co.* v. *Dowd,* 115 Ill. 659, which was predicated upon *Chicago, Burlington and Quincy Railroad Co.* v. *Payne,* 59 id. 534, where the same question was involved.

*Chicago, Burlington and Quincy Railroad Co.* v. *Harwood,* 80 Ill. 88, and *Chicago and Northwestern Railway Co.* v. *Dimick,* 96 id. 42, have been cited as authorities to sustain appellant's position. In the first case cited, an instruction which omitted all care or caution on the part of the person injured, was condemned; but the instruction was not one relating to the measure of damages, as is the case here. In the other case cited, an instruction somewhat similar to the one here involved, was held to be erroneous; but that instruction did not relate solely to the measure of damages. The last part of instruction No. 2, which discloses its real purpose, was entirely omitted from the instruction held to be bad in the *Dimick case;* and in addition to what has been said, the record in the *Dimick case* contained other errors sufficient to reverse the judgment. Other cases have been cited, but we do not think they sustain appellant's position.

The court refused defendant's eighth instruction, as asked, which, in substance, directed the jury, that if the deceased possessed the faculty of seeing and hearing, and that at the time in question he knowingly attempted to cross the track without looking for the approach of a train, then he was guilty of negligence, but modified the same, so as to leave it as a question for the jury to determine, whether, under the facts, the deceased was guilty of negligence. It is a familiar rule, that instructions must be based upon the evidence, and the court is not required to give an instruction, although, as an abstract proposition of law, it may be correct, unless there is evidence before the jury upon which it may be predicated. There was no evidence in the case that the deceased went upon the track in a reckless or heedless manner, or that he failed to observe that degree of caution that a prudent person would observe to avoid danger. The deceased approached the crossing from the west. A pile of lumber was on his right, which he could not see over. There was a malt house and several freight cars between him and the moving train, and as he stepped from behind the lumber, on the track, he was struck. The train consisted of some twenty freight cars and an engine, the engine being at the rear end of the train, pushing it along. Had the deceased looked, he could not have seen the approaching train; or if he had listened, the ringing of the bell on the engine, a block and a half distant, pushing the train, would have tended to deceive, rather than serve as a warning that he was in danger. Under such circumstances, the instruction, however accurate it may have been, had no proper place before the jury, and it should have been refused by the court.

The court modified defendant's ninth instruction, and this ruling is relied upon as error. Had no negligence of the defendant been relied upon except the negligent manner of running the train, the instruction might have been proper as originally prepared; but in the second count of the declara-

tion, the failure to keep a flagman at the crossing was relied upon, and evidence was introduced to establish negligence under this count. The instruction ignored this branch of the case, and hence the propriety of the modification.

In conclusion, after a careful examination of the whole record, we are satisfied that the law involved in the case was fairly given to the jury, and the judgment of the Appellate Court will have to be affirmed.

*Judgment affirmed.*