ALFRED H. ANDREWS, IMPLEADED, ETC.,

v.

MARY BOEDECKER, ADMINISTRATRIX, ETC.

*Master and Servant—Volunteer—Motive—Liability of Master—Personal Injury—Instructions.*

1. The master is liable for a personal injury caused by the negligence of a third person in piling lumber handed him by a servant of the master for that purpose, although the service performed by such third person was voluntary and without compensation.

2. In the case presented, it is *held:* That the relation of master and servant, as respects the rights of third persons, was established when such volunteer was allowed to assist in the defendant's work; and that the motive which induced him to perform gratuitous service is unimportant.

[Opinion filed May 31, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. LYMAN M. PAINE and ALLAN C. STORY, for appellant.

The court, in the first instruction given for the appellee, told the jury that if the teamsters of Andrews piled the lumber in question, with the voluntary and gratuitous assistance of Honey, then Andrews would be liable for any negligence in the piling. But under the law as laid down in the text books and in the cases cited, the conclusion does not follow the premises. As a matter of fact, Honey alone did the piling, so far as the fall of the pile was caused by negligence in the piling. The evidence does not show that appellant had the slightest control over the manner in which the piling was done. It is certain beyond controversy that appellant had no control over the pile after it was built. The yard had gates with locks, and appellant had no key. It was not the business of appellant to pile the lumber when delivered to the kiln.

The duty of the teamsters was simply to deliver the lumber in the yard. When delivered, either upon the platform or elsewhere, it passed immediately into the control of Douglas and Honey. The instruction assumes to give all the facts necessary for a verdict of guilty. The Supreme Court has said that such an instruction must state fully all that need be proved, so that if there were no other evidence, there could be no question as to the rights of the parties. St. L. & S. E. Ry. Co. v. Britz, 72 Ill. 256 ; C., B. & Q. R. R. Co. v. Griffin, 68 Ill. 507.

The instruction is erroneous in not informing the jury that, in addition to the facts named, they must also find that, in piling the lumber, the teamsters and Honey must be engaged in the business of appellant, and that the person guilty of negligence must be under the control of appellant while performing the negligent act, before they could find the appellant guilty.

Was Honey acting as a servant of Andrews in piling the lumber? Was he not, rather, on the pile all the way up, "directing and placing the lumber until the pile was completed"? Did he represent the will of appellant, "not merely in the

ultimate result of his work but in all its details"? Shearman & Redfield on Negligence, Sec. 73.

If Honey had any interest in having the lumber piled as he himself piled it, then he was not a mere volunteer. The instruction should have been qualified by the court so as to draw a distinction between Honey's voluntary assistance with the intention of doing Andrews a service and his voluntary assistance with the intention of rendering his contract with Andrews more easily performed by himself. Holmes v. N. E. Ry. Co., 6 L. R. 123; Wright v. London & N. W. Ry. Co., 1 L. R. Q. B. Div. 252.

In no respect does Honey fit the description of servant; neither in putting up the pile nor in taking it down. This court found from the evidence on the former trial that all the work done by Honey for Andrews was done, not as a servant, but as an independent contractor, and the evidence in this record is in all material respects the same. If the teamsters could be considered at all as assisting in the construction of the pile in question, it is clear that in so doing they were assisting Honey, and in such case, if negligent, their negligence could not be imputed to Andrews. Shearman & Redfield on Negligence, Sec. 73.

GEORGE W. STANFORD, for appellee.

It is not denied that the primary duty to safely pile this lumber was upon the teamsters of appellant. This is too firmly established by the evidence to admit of doubt. Their duty was to safely pile the lumber; and if, while acting for the appellant, they permit some one else to interfere and assist them in the work, and injury comes by reason of negligence of the one whom they permit to interfere, the negligence is theirs, and their principal would be liable. Althorf v. Wolfe, 22 N. Y. 355; Wood's Master and Servant, Sec. 308, p. 588; Randleson v. Murray, 8 Ad. & Ell. 109. The men who piled this lumber which fell, were at all times under the absolute control of appellant and his foreman. It will not be contended by the appellant that he could not, either by his foreman or in person, if he had desired, have absolutely controlled and shaped

his work.    Manifestly if the foreman had ordered the lumber to be cross-piled or braced it would have been so piled.    The control of this work was wholly with appellant, and if his teamsters, acting alone, or acting with Honey as a mere volunteer assistant, have been guilty of negligence, the principal ought to be held to respond for damages resulting from such neglect.

The whole logic of the first instruction is that the liability of appellant could not be lessened by the fact that his teamsters had permitted a volunteer to aid them, and I do not think that any of the authorities cited by counsel militate against this instruction in that particular.

The acts of Honey while assisting the teamsters in piling this lumber were the acts of the teamsters.    They controlled him, or had the right to do so, and if Honey was acting in a negligent manner it was their duty to control him.    Althorf v. Wolfe, 22 N. Y. 355, as also Booth v. Mister, 7 Car. & P. 76.

Bailey, J.    This was an action on the case brought by the administratrix of Henry J. Boedecker, to recover damages for the death of her intestate.    The suit was originally brought against Alfred H. Andrews and Frank Douglas, and, at a former trial, the jury found defendant Andrews guilty and assessed the plaintiff's damages against him at $5,000, but found defendant Douglas not guilty.    Judgment having been rendered on said verdict, Andrews appealed to this court, and on such appeal said judgment was reversed on account of an erroneous instruction to the jury, and also for the reason that the damages awarded by the jury were excessive.    Andrews v. Boedecker, 17 Ill. App. 213.    A second trial has now been had, resulting in a verdict and judgment against Andrews for $2,500, and he has again appealed to this court.

The material facts in the case are set forth at length in Andrews v. Boedecker, *supra*, and need not be repeated here. The principal controversy at the second trial was upon the question whether the lumber which fell and caused the death of the plaintiff's intestate was piled up by a person or persons between whom and the defendant there existed the legal rela-

tion of master and servant, so as to call for an application of the maxim *respondeat superior*.

The evidence tended to show, and, we think, warranted the jury in finding, that a teamster, in the service of the defendant unloaded the lumber constituting the lower portion of said pile from the defendant's wagon, and piled the same without assistance, the pile thus formed being about five feet high. Subsequently said teamster brought the residue of said lumber to the yard where it was to be unloaded, and took it from the wagon and placed it on said pile with the assistance of Andrew R. Honey, thus making the pile about twelve feet high. In unloading and piling said lumber said teamsters stood on the ground, and after raising each piece of lumber so as to balance it on the stake of the wagon, raised the opposite end up so that Honey, who was standing on the pile of lumber, could get hold of it. Honey then took it and placed it on the top of the pile.

The service thus performed by Honey was voluntary and without compensation. He had a contract with the defendant by which he was to be paid 20 cents per thousand feet for taking the lumber from the piles and placing it on the platform of the dry-kiln, but aiding in unloading the lumber from the defendant's wagons and piling it in the yard does not seem to have been within the terms of his contract. There is also some evidence tending to show that piling the lumber in the yard to a considerable height, rendered it easier for him afterward to transfer it to the platform. '

That the relation of master and servant existed between the defendant and his teamster is not questioned. Did it also exist between the defendant and Honey? He was a volunteer, it is true, and was giving his services to the defendant gratuitously, but we are unable to see how that circumstance should change the liability of the defendant as to third persons. The services which Honey performed were in all respects subject to the defendant's direction and control and it was wholly immaterial whether Honey was paid for them or not.

On this question the case of Althorf v. Wolfe, 22 N. Y. 355, is directly in point. There it was held that a master who di-

Andrews v. Boedecker.

rected his servant to remove snow and ice from the roof of his house was responsible for an injury thereby occasioned to a passer-by, whether the negligence was that of the servant or of a third person who volunteered to assist him. Booth v. Mister, 7 Carr. & P. 76, was an action on the case for damage done to the plaintiff's cabriolet from the negligence with which the defendant's cart was driven, and it was held that the defendant would be liable, although it should appear that the defendant's servant was not driving at the time of the accident, but had intrusted the reins to a stranger who was riding with him, and who was not in the service of the defendant.

The instructions of the court to the jury were in harmony with the principles above stated, and, applying those principles, the evidence was clearly sufficient to charge the defendant with liability for the negligence of Honey.

But it is urged that the motive which induced Honey to render defendant these voluntary and gratuitous services was, that by piling up the lumber in the yard in the way he did, he rendered its subsequent removal to the platform of the dry-kiln more easy, and it is urged that for that reason a different rule should apply. The evidence being clear that the unloading of the lumber from the wagons and piling it in the yard was no part of Honey's contract, we are unable to see how the motive by which he was induced to perform gratuitous services for the defendant can be of any consequence. The work which he did was the defendant's and not his, and so far as he was allowed by the defendant to take part in its performance, he must be held to have established between himself and the defendant, so far at least as third persons are concerned, the relation of master and servant.

We have carefully considered the other questions raised by the defendant's counsel in their briefs, and are of the opinion that none of them are well taken. As we find no error in the record, the judgment will be affirmed.

*Judgment affirmed.*