The Chicago, Milwaukee & St. Paul Railway Company

v.

Timothy O'Sullivan, Administrator.

*Railroads—Negligence—Personal Injuries—Evidence—Instructions—Special Findings.*

1. A court may properly refuse in a given case to instruct the jury to find specially as to certain facts, none of which were in any way controlling.

2. In an action brought to recover the pecuniary loss to a widow and next of kin through the death of a servant of a railroad company, the same being alleged to have occurred through the negligence of another company, this court declines to interfere with the judgment for the plaintiff.

3. Evidence of the rules and regulations of roads other than the defendant, in an action brought to recover for injuries alleged to have been suffered through its negligence, is admissible when at the place the injury occurred there were tracks used by several roads in common.

[Opinion filed March 13, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. WALKER & EDDY, for appellant.

Mr. JOHN GIBBONS, for appellee.

WATERMAN, J.   This was an action to recover the pecuniary loss sustained by the widow and next of kin of Martin O'Sullivan, in consequence of his death while an employe of the Chicago, St. Louis & Pittsburg Railroad, he having been struck and killed by an engine belonging to appellant.

There was a verdict and judgment for the plaintiff, from which appellant has appealed.

Evidence of the rules and regulations of other roads than appellant was admissible, because at the place where the deceased was working and killed there were joint tracks, and necessarily the regulations concerning their use by all companies using them had a connection with the subject-matter of this case.   The instructions given for the plaintiff having been expressly approved in Pennsylvania Co. v. Marshall, 119 Ill. 399, it is unnecessary to discuss them here.

The modification of defendant's third instruction was unnecessary, but as its only effect was to add to the statement of conditions under which the plaintiff could not recover, it can not be said, because as given it was less terse than as written by counsel, to have been injurious to defendant.

The fourth instruction asked by appellant, as asked, ignored the fact that the engine when first seen was standing still, and thus contained no hypothesis as to the opportunity, if any, the deceased had, to see it in time to escape after it began to move, nor any statement as to a comparison of his negligence in stepping upon the track, with that of appellant in moving its engine as it did.

The court properly refused to instruct the jury to find specially as to four facts, none of which were in any way controlling.   The motion to strike out the bill of exceptions, having been reserved to the hearing, is overruled.

The judgment of the court below must be affirmed.

*Judgment affirmed.*