## Illinois Central R. R. Co. v. Gilbert.

1. INSTRUCTIONS—*Error, Cured by Remittitur.*—An error in an instruction may in some cases be cured by a remittitur. So where an instruction informed the jury that they should not find, etc., exceeding the amount named in the *ad damnum*, and the jury having returned a verdict for the full amount of the *ad damnum*, the error was cured by a remittitur of one half of the amount.

2. MEASURE OF DAMAGES—*In Case of Death from Negligent Act.*—The jury may assess such damages as will be a just and fair compensation for the pecuniary loss suffered by the next of kin from the death of the deceased, and in so doing they may take into consideration every reasonable expectation the survivors may have had of pecuniary benefit or advantage from the continuance of his life.

**Memorandum.**—Action for damages. Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

C. V. GWIN, attorney for appellant; JAMES FENTRESS, of counsel.

WALKER & EDDY, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Charles F. Gilbert was employed by appellant to work at its repair shops at 27th street, Chicago. It was his duty to obey the orders of the foreman at that place. Upon the day he was killed, he was engaged in rolling car wheels across the six tracks of the company at that point. A severe storm was blowing from the northwest, the snow flying so thick that one could see but a little ways, such a morning that one instinctively, if not necessarily, turns his face away from the storm, to avoid being blinded by it. The deceased had assisted in rolling car wheels across the

tracks which ran north and south, and when returning to the shop, walking in a southeasterly direction, was struck by an engine, backing toward the south. From 150 to 200 men were engaged that morning in rolling wheels across the tracks. Trains passed over these tracks at frequent intervals.

The train which struck the deceased was pulling seven or eight cars, and going at about nine miles per hour. It pushed him along for some sixty feet before it passed over him, and then went about twenty feet before it stopped.

There was evidence tending to show that the bell of the engine was rung ere the deceased was hurt, and while there was evidence tending to show that no such warning signal was given, the preponderance of the evidence seems to indicate that the bell was so rung. It substantially appeared that no lookout was stationed to keep watch of approaching engines, that the engine which ran over the deceased was an old one, having no brake, and was stopped by reversing; that the danger to the deceased was perceived by appellant's foreman and others, who hallooed as loud as they could, but failed to attract the attention of the deceased; that no one on the engine saw the deceased until after he had been run over, and that the foreman upon that morning warned all the men to look out for passing trains.

The jury returned a verdict of $5,000 for the plaintiff; upon the suggestion of the court, $2,500 was remitted from this, and judgment was entered for the remainder.

The deceased was seventeen years old, and earning $1.30 per day. He left, surviving him, his father and mother, three sisters and one brother.

We think that the jury were warranted in finding appellant guilty of negligence.

It knew that 150 of its employes were engaged in work requiring them to cross these tracks; that there blew from the northwest a blinding snowstorm; that trains passed this point at frequent intervals. Something more than the usual warning given by an approaching engine was due to these men on this occasion.

The danger of that morning was not one of the ordinary perils incident to the employment of deceased. The danger was extraordinary, unusual, and the care required of appellant was such as the circumstances demanded.

What constitutes negligence depends almost altogether upon the circumstances of the occasion. Nor do we think it can be conclusively said that the deceased failed to exercise ordinary care. It is very difficult to say what ordinary care upon so extraordinary an occasion would be.

It is urged that the court erred in giving the following instruction :

"If you find from the evidence that the defendant is guilty of the negligence charged in the plaintiff's declaration, and that the same resulted in the death of Charles F. Gilbert, then the plaintiff is entitled to recover in this action for the benefit of the next of kin of said deceased, such damages as the jury may deem from the evidence and proves a fair and just compensation for whatever pecuniary damage, if any, the evidence shows said next of kin have sustained by reason of said death, not exceeding $5,000."

Such an instruction, omitting the words "five thousand dollars," was approved in C., M. & St. P. R. R. Co. v. Dowd, 115 Ill. 659, and an instruction in substantially the words of the one given in this case was approved in C., B. & Q. R. R. Co. v. Payne, 59 Ill. 534.

The concluding words, "not exceeding five thousand dollars," have been disapproved by this and the Supreme Court, among other cases, in C., R. I. & P. R. R. Co. v. Austin, Admx., 69 Ill. 426, and Village of Warren v. Wright, 3 Brad. 602.

The error in this regard was cured by the remittitur from the verdict of $2,500.

If, in estimating the plaintiff's damages, only the wages the deceased would, at the rate he was being paid, have earned prior to his becoming twenty-one years of age, deducting therefrom the cost of his board and clothes, was to be considered, the judgment would be far too large a sum.

This court in Andrews v. Boidecker, 17 Brad. 213, a case

similar to this, said: "The jury may assess such damages as will be a just and fair compensation for the pecuniary loss suffered by the next of kin, from the death of the deceased, and in so doing they may take into consideration every reasonable expectation the survivors may have had of pecuniary benefit or advantage from the continuance of his life." See also Andrews v. Boidecker, 27 Ill. App. 30.

It has been repeatedly held that the jury may make their estimate of the pecuniary loss sustained from the facts proved, connecting them with their own experience and knowledge. C. & A. R. R. Co. v. Shannon, Admr., 43 Ill. 338; The City of Chicago v. Mayor, 18 Ill. 349.

We do not think that, under the rule existing in this State for estimating damages in such a case as this, the amount awarded can be here said to be excessive, and we regard the verdict of guilty as one which the jury were warranted by the evidence in arriving at.

We find no error requiring a reversal of the judgment in this case, and it is affirmed.

MR. JUSTICE GARY.

I can concur in the result in this case only upon the ground that if the works of a railway are so arranged as that young employes, hardly more than boys, inexperienced and by nature somewhat heedless, are exposed to great and unnecessary peril of limb and life, there is, in the comparison of negligence or carelessness, a very great preponderance against the railway when injury happens.