St. Louis, Alton and Terre Haute Railroad Co.

*v.*

Daniel Holman.

*Filed at Mt. Vernon January 14, 1895.*

1. Trial—*sufficiency of evidence to prevent taking case from jury.* Evidence that a collision between a car which was being backed on a switch and a car on which a repairer was at work, standing upon a repair track upon which no switching was done during the day time, would not have occurred if the latter car had been placed ten feet further along the track, is sufficient to prevent an instruction to find for the railroad company, in an action by the car repairer for injuries caused by the collision.

2. Instructions—*may refer to allegations of declaration.* An instruction that if the plaintiff in a suit for personal injuries has proved all the allegations in his declaration in manner and form as alleged he is entitled to recover, is not erroneous, as omitting the requirement that he must have been in the exercise of due care, where due care on his part is averred in the declaration.

3. Same—*when instruction may omit element of due care.* The omission of the element of due care upon plaintiff's part from an instruction as to recovery for negligence, is not prejudicial error where such element was not relied upon by defendant, and the case was tried upon the theory of plaintiff's freedom from negligence.

*St. L., A. & T. H. R. R. Co. v. Holman,* 53 Ill. App. 617, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Perry county; the Hon. Benjamin R. Burroughs, Judge, presiding.

At Pinckneyville, Illinois, the appellee was in the employ of appellant as a car repairer, and on January 28, 1892, was employed in repairing a car on defendant's track known as the repair track. The repair track was parallel with a track known as No. 4,—the switch track. The west end of the repair track approached and connected with the switch track, and a number of cars were placed on the repair track, the west car leaning towards track No. 4. A train was being made up, and five cars attached to a locomotive were backed in from the west

end of the switch track, and of these five cars, one, the second from the locomotive, leaned towards the repair track. The west car on the repair track had been left at a point on the track where it was not the full width of the distance between switch and repair tracks where they were parallel. Appellee, by directions of the foreman of the car repairers, went to the specified car for the purpose of making specific repairs, which required the car to be raised from the trucks at the west end thereof, and appellee, by the use of jack screws, raised the car and proceeded in his work towards making the repairs as directed by the foreman. Whilst so engaged, the five cars attached to a locomotive, with the leaning car as above, backed on the switch track, and the roof of that leaning car struck the corner of the top of the leaning car on the west end of the repair track, forcing it back until it struck the car next to it, and this force was imparted to other cars in succession, until the car under which appellee was working was struck, causing the west end to fall on and seriously injure appellee, because of which he brought suit in the Perry circuit court, where he recovered a judgment for $3000, which was affirmed by the Appellate Court for the Fourth District, from which judgment of affirmance this appeal is prosecuted.

R. W. S. Wheatley, for appellant.

Hawkins & Hawkins, and W. A. Schwartz, for appellee.

Mr. Justice Phillips delivered the opinion of the court :

This appeal, with the assignments or error, brings to the court for decision the question as to the correctness of the instructions given for appellee, and whether that asked by appellant was properly refused.

The appellant asked the court to instruct the jury to find for the defendant, which instruction was refused, and the defendant excepted thereto. One of the common law duties of the master to his servant which are non-assignable is, that he must use reasonable care to see that the place where his servant works is reasonably safe, taking into consideration the ordinary hazards of the service about which the servant is engaged. (*Libby, McNeill & Libby* v. *Scherman*, 146 Ill. 540; *Pentzar* v. *Tilly Foster Iron Co.* 99 N. Y. 368.) The evidence in the record shows that no switching was done on the repair track during the day time, and appellee had a right to expect no car on that track would be moved during the time set apart for the repair of cars on that track. Having a right to this assumption, he had a right to further assume that the cars were so placed on the repair track that they would not be interfered with or caused to be moved by being struck by cars on the switch track. The conductor who was making up the train testifies that a collision between the cars would not have resulted had the west car on the repair track been placed ten feet farther back. Whether there was negligence, while managing the switch train, in not observing the liability of a collision in having therein a leaning car liable to strike cars on other tracks, or in leaving the car so near the west end of the repair track that cars passing on the switch track would strike it, (all of which was charged in the declaration,) was a controverted question; but the evidence in this record must be held sufficient to establish the allegations of plaintiff's declaration, and it was not error to refuse the instruction asked by the appellant to find the defendant not guilty.

The objection to the instructions given for the plaintiff is, they omit the requirement that the plaintiff himself must have been in the exercise of due care. The first instruction given for the plaintiff is, in substance, that if he has proven all the allegations of his declaration in

manner and form as alleged, he is entitled to recover. Due care on his part was averred, and the averment (a material one) was by the instruction required to be proven, and the jury could not have understood it other-, wise, it being one of the allegations of the declaration. It was not error to give the first instruction for plaintiff.

The second instruction given for plaintiff was, that the law imposed on railroad corporations the duty of providing and using reasonably safe cars and machinery in the operation of their roads. The relevancy of this instruction was, to instruct the jury to consider and determine whether, in using the car in the switch train which leaned, there was negligence, by reason of its being unsafe. We are of opinion that there was not error in giving that instruction, under the evidence in this record.

The third instruction given for the plaintiff was, if the jury found the plaintiff was injured by the negligence of employees who were not fellow-servants, the plaintiff was entitled to recover. This instruction is erroneous, in omitting therefrom the element of due care on the part of the plaintiff. By no instruction asked by the defendant was the element of the want of due care on the part of the plaintiff relied on, nor does the evidence in the record show any negligence on his part. The case, from the record, was tried on the theory that the plaintiff was not chargeable with negligence. In such condition of the record, and where it is apparent, as is the case here, that the evidence warranted the verdict, and the omission of the element of due care on plaintiff's part from the instruction worked no injury to appellant, this court will not reverse simply for that alone. *Chicago, Burlington and Quincy Railroad Co.* v. *Dickson,* 63 Ill. 151; *Rankin* v. *Taylor,* 49 id. 451.

From the entire record we are of opinion the judgment should be affirmed.

*Judgment affirmed.*