## Hortense Hoy, Administratrix, etc., v. The Terminal Railroad Association.

1. NEGLIGENCE—*Change in the use of Side Tracks.*—When a railroad company has an equal right to the use of two side tracks, but has been in the habit of using one, it can not be charged with negligence because it changes to the other without giving notice to persons who do not stand in any special relation to it.

Trespass on the Case.—Death from alleged negligence. Error to City Court of East St. Louis; the Hon. BENJAMIN H. CANBY, Judge, pre-

siding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

J. M. FREELS and M. MILLARD, attorneys for plaintiff in error.

G. & G. A. KOERNER, attorneys for defendant in error.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This was an action on the case brought by the plaintiff to recover damages for the death of her husband.

The declaration contains two counts. The first count states that the deceased was in the employ of the Chicago, Peoria and St. Louis Railroad Company, as an inspector of cars, and was required in the discharge of this duty, to be and go upon the tracks of said company and other companies connected therewith, and the defendant was engaged in the business of hauling and transferring cars and trains from one track to another, whereby it became the duty of the defendant to so manage and conduct its said business that the said John A. Hoy would be reasonably safe in the performance of his said service; but the defendant, not regarding such duty, then and there, while the said John A. Hoy was rightfully on and passing along one of said tracks, with due care and diligence, wrongfully and negligently ran and drove one of its said locomotives upon and against the said John A. Hoy with great force, and so struck, bruised and injured him thereby that he died in consequence thereof; then follows the usual averment in relation to the next of kin, etc.

The other count sets forth that the said John A. Hoy was rightfully on and walking along a certain railway track in said city, where the defendant's locomotive had no right to be or pass, but the defendant, not regarding the premises, then and there wrongfully and negligently drove and ran its locomotive upon and against the said John A. Hoy with such force and violence that he was thereby thrown to the ground and so struck, bruised and injured that he died in consequence thereof; and concludes in the ordinary form.

At the conclusion of the plaintiff's evidence, the court, on motion, instructed the jury to find for the defendant, which was done, and error is assigned on the giving of that instruction.

The evidence shows the deceased was a night car inspector at East St. Louis for the C. P. & St. L. R. R. Co., at a place where the tracks of eight different railways connect; that the defendant was engaged in the business of transporting trains over the bridge spanning the river between East St. Louis, Illinois, and St. Louis, Missouri, and transferring them from one track to another. On the night of the accident the defendant's engine had brought a passenger train of the St. L. & K. C. R. R. Co., commonly called "Clover Leaf," over the bridge from St. Louis, for the purpose of transferring it to the latter road, near the junction of which with the line on which the train was brought over, the Clover Leaf engine was standing on its main track, ready to receive it.

After transferring the train to the Clover Leaf, it was necessary for the engine to be cut loose from the train and then side-tracked until the Clover Leaf could couple and pull out, for which purpose five minutes were allowed. There were two tracks, so situated as to be available for side-tracking appellee's engine after it was detached from the train, viz., a Clover Leaf siding and the E. St. L. & L. C. Co. track, commonly called Black Hawk; but the Clover Leaf siding was the one that had uniformly been used for that purpose until the night of the accident, at which time, in some way unknown, the deceased, being on the Black Hawk track, was run over by defendant's engine, after it had been detached from the train and was going in on that track to get out of the way of the Clover Leaf engine. No one saw the accident, but it appears the deceased had a car to inspect on that track which had a hot box, and was on his way to it when struck, his back being to the engine. The appellant claims, first, that the appellee's engine had no right to that track, and was trespassing; second, that if it had, it had so uniformly been using the Clover Leaf for side-tracking its

engine that it was negligence to use the Black Hawk track, as it did, without notice to those who knew of its custom. The evidence shows the inspector of the Clover Leaf turned the switch to run the engine on the Black Hawk instead of the Clover Leaf track, and that he had been engaged in that work for two months; that there were no rules or regulations as to which track should be used. There is no evidence to show it did not have a legal right to use that track except that it had before uniformly used for that purpose the other track. There is evidence that there were cars on the Clover Leaf siding that night, at that time, though the witnesses believe it could have been used, at least after shoving back the cars. The evidence also shows this work was done very rapidly, the time being so limited, and it may well be that the inspector of the Clover Leaf, who handled the switch, considered the situation was such that it was proper and prudent to turn the engine in on the Black Hawk track. In our judgment there is no evidence to show he did not have a legal right to do so, nor evidence to show it was not proper, nor that it was negligent. The deceased, with reference to said custom, did not stand in any special relation to appellee, requiring it to give notice of a change, as in the cases of C. & N. W. R. R. Co. v. Goebel, 119 Ill. 515, St. L., A. & T. H. R. R. Co. v. Allmon, 155 Ill. 21, and Rolling Mill Co. v. Johnson, 114 Ill. 57.

The judgment is affirmed.