## Central Ry. Co. v. James Bannister.

1. DAMAGES—*Where $8,400 is Not Excessive.*—A man forty years of age, injured by a street railway car, lost one foot, the hearing of his right ear, the sense of smell, and suffered intense pain for many months. The business in which he was engaged was also lost to him. *It was held* that these facts justified a verdict for $8.400.

2. INSTRUCTIONS—*Referring to the AdDamnum.*—The reference in an instruction to the amount of the *ad damnum* stated in the declaration is a bad practice and condemned by the courts, but it alone will not constitute such an error as to call for a reversal of the judgment, especially where the damages allowed are less than the amount of the *ad damnum.*

3. SAME—*Where the Charges of Negligence and Manner of the Injury Need Not be Stated in.*—In an action against a street railway company for a personal injury, where the charges of negligence and the manner in which the injury occurred were distinctly stated in the declaration and easily to be understood, there is no reason why the same should be restated in the instructions.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

I. C. PINKNEY, attorney for appellant; JAS. A. CAMERON, of counsel.

STEVENS, HORTON & ABBOTT, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action brought by appellee against appellant to recover damages for personal injuries sustained by him on April 26, 1900, while attempting to cross the car tracks of appellant, at a street crossing in the city of Peoria.

The original declaration consisted of four counts charging, in substance, that the injuries complained of by appellee were caused by a street car of appellant, which was carelessly and improperly run by appellant's employes at a high and dangerous rate of speed. Two additional counts were afterward added. The fifth charged the failure of appellant to keep a vigilant watch for all teams, carriages or per-

sons on the track and at the first appearance of danger to
stop the car in the shortest time and space possible, as
required by an ordinance of the city.   The sixth charged
the failure of appellant to sound the gong on the car at
least one hundred feet from the street crossing and to keep
the same sounding until the crossing was reached, as required
by ordinance.   A plea of not guilty was filed and upon the
trial the jury returned a verdict in favor of appellee for the
sum of $8,400.   A motion for a new trial was overruled
and judgment entered for the amount of the verdict.

It appears from the proofs in the case that the accident
occurred at the crossing of Washington and Harrison streets,
in said city.   Washington street runs in a northeasterly and
southwesterly direction and Harrison street crosses it at
right angles.   Appellant operates a double track electric
street railway line on Washington street at the crossing in
question.   Appellee, who had lived in Peoria about forty
years and was engaged in the grain and commission busi-
ness, had an office in the Board of Trade Building, located
at the northeast corner of the intersection of Washington
and Harrison streets.   On the morning in question, in going
to his place of business, he alighted from a street car at the
corner of Adams and Harrison streets, one block in a north-
westerly direction from Washington street.   He walked
along the lower or west side of Harrison street until he
reached the intersection of Washington street, when he
looked west toward Bridge street, which was the next street
in that direction, and seeing no car coming toward him on
appellant's tracks, he proceeded in a diagonal direction
across the intersection of the streets toward the Board of
Trade Building.   He had crossed Harrison street and was
at a point near the intersection of the northeast line of that
street and Washington street, upon the lower or southeastern
track of appellant's street railway, when he was struck by
a street car going in a northeasterly direction, knocked down
and pushed along the track from thirty to fifty feet.   He
says, at the time he was struck by the car, his attention
was attracted to a team coming toward him on the upper

track; that he heard a yell and at the same moment the car struck him. As a result of the accident it became necessary to amputate one of his feet; he has become deaf in the right ear and lost the sense of smell. At the time of the trial, nearly nine months afterward, he testified that he still suffered intense pain in his injured limb. He also swore that he had been unable to attend to his business and that it had become completely sacrificed.

Appellant contends that the verdict is not sustained by the proof; that the verdict was the result of prejudice or misapprehension on the part of the jury; that the court erred in giving appellee's instructions Nos. 1 and 2, and that the damages are excessive.

It appeared from the evidence that appellee took pains to ascertain whether any cars were approaching upon appellant's tracks before starting to cross the street. There was also evidence tending to show that the car approached appellee at a very high rate of speed; that the motorneer, a short time prior to the accident, was looking back into the car instead of keeping a vigilant watch for teams, carriages or persons upon the track as required by the city ordinance. It was shown, without contradiction, that appellant's employes failed to sound the gong on the car 100 feet from the street crossing and to keep it sounding until the crossing was reached. A careful examination of the evidence leads us to the opinion that the charges in the declaration were sustained by the proofs and that the jury properly found a verdict in favor of appellee.

We find nothing in the record to lead us to the belief that the jury was influenced either by prejudice or misapprehension in making up their verdict. Appellee lost one foot, the hearing of his right ear and the sense of smell, and suffered intense pain for many months. The business in which he had been engaged was also lost to him. Under such circumstances we do not think the amount of the verdict so large as to warrant the reversal of the judgment on that account.

By the first instruction given for appellee, the jury were

told that if they believed from the evidence the plaintiff, at the time in question, was in the exercise of due care and caution for his own safety, and that the defendant was guilty of the negligence charged in the declaration or some count thereof and that said negligence was the cause of injury to the plaintiff as charged in the declaration, then the plaintiff was entitled to recover, etc. The objection made by appellant to this instruction is that it refers the jury to the declaration, as a whole, for a statement of the negligence complained of and the manner in which the injury was caused.

The same objection is also urged to the second instruction given for appellee. The charges of negligence and the manner in which the injury occurred were distinctly stated in the declaration and easily to be understood. The jury could readily ascertain the charges by reference to the declaration and there was no reason why the same should be restated in the instructions. Objection is also made to the second instruction, because it informed the jury that under certain conditions they should find the defendant guilty and assess the plaintiff's damages, if any, in such amount as they might believe from the evidence he had sustained, "not exceeding the sum of $20,000," the amount named as the *ad damnum* stated in the declaration. This practice of repeating the *ad damnum* in the instructions has been many times condemned by our court, but while it is bad practice, it has also been held to not necessarily constitute reversible error. E. St. L. Con. Ry. Co. v. O'Hara, 150 Ill. 580; L. S. & M. S. Ry. Co. v. Parker, 131 Ill. 557.

The verdict in this case was very much less than the amount of the *ad damnum* and under the circumstances we think the jury could not have been misled or influenced to the prejudice of appellant by the instruction named. We find no material error in the record in this case and the judgment of the court below is therefore affirmed.