### Chicago, Milwaukee & St. Paul Railway Company v. Sarah Gill.

#### Gen. No. 4,730.

. 1. Instruction—*when erroneous as to right of recovery for failure to ring bell.* An instruction given in an action to recover for injuries arising from the alleged failure of the defendant company to ring a bell or sound a whistle, as required by law, is erroneous which directs a verdict in favor of the plaintiff without proof that the plaintiff was in the exercise of due care.

2. Instruction—*what does not cure erroneous.* An instruction which directs a verdict and which is erroneous is not cured by another correct instruction, as the jury would be unable to determine which of the two instructions they should follow.

· Action in case for personal injuries. Appeal from the Circuit

Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

GEORGE L. HOFFMAN, for appellant.

ARTHUR J. GRAY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

As appellee drove a team of horses and a surrey to a crossing of a highway over appellant's railroad, and just as the horses were about to set their feet upon the rails, a passenger train which appellee knew was due at about that time came by at a high speed. Appellee's team stepped back, or were drawn back, by appellee, and were not struck by the train; but the horses were frightened and turned sharply down the right-of-way, the neck-yoke and the single-tree were broken, the tongue of the surrey ran into the ground, and the team broke loose from the vehicle and ran away, and appellee was thrown out, or was drawn out by the lines, upon the ground. She claimed she was injured thereby, and brought this suit to recover damages therefor. A demurrer was sustained to an original declaration, and an amended declaration was instructed out of the case, which went to the jury on two additional counts which charged a failure by appellant to ring a bell or sound a whistle upon approaching said crossing as required by law, and consequent injury to appellee. Appellant pleaded the general issue. Appellee had a verdict and a judgment for $1,000, from which defendant below prosecutes this appeal.

There was strong reason to believe from the evidence that the whistle was sounded some eighty rods from the crossing, but it was not kept sounding till the crossing was reached. The evidence was very conflicting upon the question whether the bell was rung. Each additional count charged that appellee was using due care. The evidence left that a debatable question.

It was, therefore, important that the jury should be properly instructed. At appellee's request the court gave her second instruction, as follows: ''The court instructs the jury that if you believe from a preponderance of the evidence in this case that the defendant is guilty of the wrong and injury alleged in the first or second additional counts in the plaintiff's declaration, then your verdict should be for the plaintiff.'' This instruction directed a verdict for appellee if the proof established the failure of appellant to sound the whistle or ring the bell as required by law, without proof that appellee was in the exercise of due care. That omission made the instruction erroneous. St. L., A. & T. H. R. R. Co. v. Holman, 155 Ill. 21. It has often been held that it is not erroneous to instruct the jury that if the plaintiff has proved the case stated in the declaration, or some count thereof, then they shall find for plaintiff, but in every such case proof of the case stated in the declaration included proof of the allegation therein that plaintiff was exercising due care. The instruction here involved does not require proof of the case alleged, but only of the wrong alleged, and hence does not require proof of due care by plaintiff. Appellee claims that this instruction is supported by C. & A. R. R. Co. v. Harrington, 192 Ill. 9, and Central Ry. Co. v. Bannister, 195 Ill. 48. In those cases the Supreme Court was only considering whether an instruction could properly refer the jury to the declaration for the charges of negligence; and the court stated only that part of the instruction which was under discussion; and it is only by assuming that the whole instruction is there stated that support is found for appellee's second instruction. But upon examining the report of the Harrington case in 90 Ill. App. 638, and of the Bannister case in 96 Ill. App. 332, it will be found that in each of those cases the instruction discussed by the Supreme Court did also expressly submit to the jury the question whether the plaintiff was exercising due care. In C., B. & Q. Ry.

Co. v. Payne, 59 Ill. 534, C., M. & St. P. Ry. Co. v.
Dowd, 115 Ill. 659, and Pennsylvania Co. v. Marshall,
119 Ill. 399, an instruction there discussed contained
a defect similar to that before us; but in each of those
cases it was held that the subject-matter of the instruc-
tion was not what was essential to authorize a recov-
ery, but that the real subject of the instruction was
the measure of damages. There are many cases hold-
ing that the given instructions are to be considered
together as one charge, and that an omission in one
is not fatal if it is supplied in another. This rule,
however, cannot be applied to an instruction which
directs a verdict. If one instruction directs a verdict
upon proof of certain facts, and another instruction
requires proof of additional facts to justify a verdict
for the same party, the jury has no means of knowing
which to follow, and the court has no means of know-
ing which the jury did follow, unless indeed there are
special findings which show upon what they based their
verdict. Schillinger Bros. Co. v. Smith, 225 Ill. 74.
In Pardridge v. Cutler, 168 Ill. 504, in a discussion of
this subject, the court said: "The law applicable to
different questions may be stated in separate instruc-
tions, and the entire law applicable to all the questions
involved in a case need not be stated in each. In such
case the instructions supplement each other, and if
they present the law fairly when viewed as a series,
it will be sufficient. But if an instruction directs a
verdict for either party, or amounts to such a direc-
tion in case the jury shall find certain facts, it must
necessarily contain all the facts which will authorize
the verdict directed." In C. & A. R. R. Co. v. Keegan,
185 Ill. 70, the court said: "The giving of a correct
instruction upon one point in a case will not obviate
an error in an instruction on the other side, where
they are entirely variant, and there is nothing to show
the jury which to adopt. (Illinois Linen Co. v. Hough,
91 Ill. 63.) An erroneous instruction cannot be said
to be cured by a proper instruction on the other side,

when, from the evidence, it is impossible to say that the jury did not follow the erroneous one.'' These cases were followed and the above doctrines reiterated in I. C. R. R. Co. v. Smith, 208 Ill. 608; Terra Cotta Lumber Co. v. Hanley, 214 Ill. 243; and Montgomery Coal Co. v. Barringer, 218 Ill. 327. It follows that the error in appellee's second instruction was not cured by other instructions given which required proof that appellee exercised due care, and a new trial should have been granted. There are some imperfections in other instructions, but they are not likely to appear upon another trial.

As the case must be reversed for this cause, we think it unnecessary to discuss the merits of the case further than to say that in our judgment the verdict is excessive, under the proof now before us. The suit did not involve the injuries to team and surrey. The injuries to appellee which can be discerned by other people are slight. We do not think that her testimony that her head had grown fast to her neck, or that her neck had grown fast to her shoulder, should enhance the damages, without the support of some medical or other authority that such a condition exists. The physicians who examined her at different times soon after the accident found very slight visible injuries, or none at all, and the main trouble to which they testified was a nervous and perhaps rheumatic condition.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*