BALTIMORE AND OHIO SOUTHWESTERN RAILWAY CO.

*v.*

FABIAN THEN, Admr.

*Filed at Mt. Vernon January 20, 1896.*

1. PLEADING—*failure to aver due care cured by verdict.* The failure of a declaration for negligence to aver due care on the part of the plaintiff is not a fatal defect after verdict.

2. EVIDENCE—*what is sufficient proof of due care.* Due care on the part of a girl killed by a train may be found by the jury, where there is evidence that box cars on a track and a curve in the main track near a street crossing at which she was killed made it difficult or impossible for her to see the train until it was too late, and that the train was running at an unlawful speed, and without ringing the bell as required by ordinance.

3. APPEALS AND ERRORS—*one cannot assign error on the same ruling he requests.* A party cannot assign for error a ruling substantially the same as one made at his own instance.

4. DAMAGES—*for death of minor not limited to value of services.* The pecuniary benefits which the next of kin of a girl might have derived if she had not been killed are not limited to the value of her services before she became eighteen years of age, but may include what the next of kin might have derived from her at any time.

5. SAME—*measure of recovery for death of girl twelve years old.* Recovery of $2500 for the death of a girl twelve years old is not excessive.

6. SAME—*effect of requiring remittitur.* The fact that a *remittitur* was required by the court before judgment does not imply that the damages for which judgment was recovered were excessive.

7. INSTRUCTIONS—*as to measure of damages for death.* An instruction ignoring the existence of a father, and his right in an action by him as administrator for the death of a child, and stating that the loss to brothers and sisters cannot be considered unless they were in the habit of claiming and receiving pecuniary assistance from the deceased, is misleading, and properly refused.

*Baltimore and Ohio Southwestern Railroad Co.* v. *Then,* 59 Ill. App. 561, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

The opinion of the Appellate Court for the Fourth District, by GREEN, J., affirming the judgment of the city court of East St. Louis, is as follows:

"Appellee, as administrator of the estate of his deceased daughter, brought this suit under the statute, to recover damages for the death of his intestate, caused, as averred in the declaration, by the negligence of appellant's servants in charge of its passenger train, in operating the same in the city of East St. Louis at a greater rate of speed than ten miles an hour, in violation of the city ordinance, and without causing the bell on the engine to be rung, as required by another ordinance of said city. Defendant pleaded the general issue. A trial was had, the jury found defendant guilty and assessed the damages at $5000. Plaintiff entered a *remittitur* of $2500. Defendant's motion for a new trial was then overruled, as was also its motion in arrest of judgment. The court entered judgment for $2500 damages, and costs of suit, for plaintiff, and defendant took this appeal.

"On behalf of appellant it is urged the motion in arrest of judgment should have been sustained, on the ground there was no averment in the declaration that deceased was in the exercise of due care at the time of the accident. Conceding the declaration to have been demurrable because of such omission, it does not follow that after verdict a motion in arrest of judgment, based on such defect, should be sustained. Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so imperfectly or defectively stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by verdict. (1 Chitty's Pleading, (14th Am. ed.) 675; *Illinois Central Railroad Co.* v. *Simmons*, 38 Ill. 242; *Atchison, Topeka*

*and Santa Fe Railroad Co.* v. *Feehan*, 149 id. 202.)  In the case at bar it is not to be presumed the jury would have given the verdict, or that the court would have sustained it, without evidence tending at least to establish the fact of due care on the part of deceased.  The motion in arrest was properly overruled.

"It is next insisted the court erred in refusing to instruct the jury to find for defendant, on the ground that the evidence failed to show deceased exercised any care to avoid the injury, but her conduct showed she was guilty of gross negligence.  This was a question of fact for the jury.  The evidence in cases of this kind, to establish the fact that deceased exercised due care, need not be direct, but such care may be inferred from the circumstances existing at the time of the injury and other facts in evidence.  The evidence in this case was sufficient to prove that there were a number of box cars on the side-track, and a curve in the main track above the street crossing, which would obstruct the view and make it quite difficult, and perhaps impossible, for the deceased to see the approaching train until she was on the main track at the crossing and too late to escape.  She had a right also to rely upon the performance of the duty imposed upon the defendant by the city ordinances, to warn her of the approach of the train by continuously ringing the bell upon the engine, and not to run said train faster than ten miles per hour within the city, and there was evidence tending strongly to show this duty was not performed.  Among other things proper for the jury to consider in determining this question of due care is the instinct prompting to preservation of life and avoidance of danger.  (*Illinois Central Railroad Co.* v. *Nowicki*, 148 Ill. 29; *Terre Haute and Indianapolis Railroad Co.* v. *Voelker*, 129 id. 540.)  In our judgment the evidence justified the jury in finding deceased exercised reasonable care at the time in question.

"The first instruction given for plaintiff is objected to, for the reason that the following clause is contained

therein: 'And if the jury further find, from the evidence, that said deceased, at the time of her injury, was exercising ordinary care for her own safety, according to her age, capacity and discretion,' and it is claimed this clause erroneously limited the care required of deceased. It was averred in the declaration that deceased was twelve years of age, and by the evidence her age was between twelve and thirteen years at the time she was killed. In *Weick* v. *Lander*, 75 Ill. 93, which was an action by a father, as administrator, for the wrongful killing of his son, twelve years old, it is said in the opinion: 'It is not to be expected that a boy twelve years old will use the same degree of care and caution as a person of mature years, nor does the law require it. It was proper for the jury, in passing upon the negligence of deceased, to take into consideration his age and experience.' In *Chicago and Alton Railroad Co.* v. *Becker*, 76 Ill. 25, the court says: 'The age, capacity and discretion of deceased to observe and avoid danger were questions of fact to be determined by the jury, and his responsibility was to be measured by the degree of capacity he was found to possess.' These cases, and this doctrine announced therein, are cited and approved in *Illinois Central Railroad Co.* v. *Slater*, 129 Ill. 91. Moreover, appellant, in its first instruction given, requested the court to inform the jury that the degree of care required of deceased was that which *a reasonable person of her age*, under all the facts and circumstances, would have used, and cannot assign for error a ruling substantially the same as that made at its own instance. (*Calumet Iron and Steel Co.* v. *Martin*, 115 Ill. 358.) It was not error to give the instruction objected to.

"The giving of plaintiff's second instruction is next assigned for error, because this instruction upon the measure of damages did not confine the jury to a consideration of the evidence before them. This instruction is as follows:

" '2. The court instructs the jury, that if they find a verdict in favor of the plaintiff they are not confined, in

assessing the damages, to the pecuniary value of the services of the deceased to her next of kin until she would have arrived at the age of eighteen. But the jury may consider the pecuniary benefits which the next of kin may have derived from said deceased, had she not been killed, at any age of her life.'

"There was no error in giving this instruction. It is not required that the evidence shall afford data from which the extent of the pecuniary loss can be ascertained with certainty. *Ohio and Mississippi Railway Co.* v. *Wangelin*, 152 Ill. 138, citing with approval the following language used in the opinion in *Chicago and Alton Railroad Co.* v. *Shannon*, 43 Ill. 338: 'How this pecuniary damage is to be measured,—in other words, what is to be the amount of the verdict,—must be largely left (within the limits of the statute) to the discretion of the jury. The legislature has used language which seems to recognize the difficulty of exact measurement, and commits the question especially to the finding of the jury.' Also citing and approving the following language in *City of Chicago* v. *Hesing*, 83 Ill. 204: 'When proof is made of the age and relationship of the deceased to the next of kin, the jury may estimate the pecuniary damages from the facts proven, in connection with their own knowledge and experience in relation to matters of common observation.' In *City of Chicago* v. *Keefe*, 114 Ill. 222, also cited and approved in the *Wangelin case*, *supra*, it is said: 'The question is, in its nature, incapable of exact determination, and the jury should therefore calculate the damages in reference to a reasonable expectation of benefit, as of right or otherwise, from the continuance of life. Parents, and even brothers and sisters, might reasonably expect, in many ways, to derive pecuniary benefit from the continued life of the intestate, as of grace and favor, if not of right, at any age of life, and our statute imposes the duty of support, in the event of their becoming paupers, of the parent by the child and of one brother or sister by another brother or sister.'

The second instruction given for plaintiff is in harmony with the foregoing rulings touching the assessment of damages in cases like this, and was properly given.

"The instructions which defendant requested the court to give on its behalf, and which were not given, were properly refused. Of these instructions No. 9 is to the effect that the pecuniary loss to the father alone could be properly allowed, and the basis for the assessment of damages which the jury should adopt would be the reasonable value of the services of his deceased daughter from the time of her death to the time she reached the age of eighteen years, less the cost of her support, education and maintenance during that period. This instruction counsel for the appellant most strenuously insist ought to have been given. We do not understand the law to be as stated in said instruction. Section 2, chapter 70, of the Revised Statutes, which is the statute by virtue of which this suit is brought, provides: 'Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law, in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding $5000.' It is quite manifest this section authorizes the recovery of the full amount of damages *all the next of kin* are entitled to recover, and is not limited to the amount which the father,—one, only, of the next of kin,—would be entitled to receive. The question of how much of the judgment each of the next of kin will be entitled to is to be settled by the probate court when the administrator is called upon to make dis-

tribution.    *City of Salem* v. *Harvey*, 29 Ill. App. 483, and cases there cited.

"We cannot say, either, that the damages recovered were excessive.    Damages of as great an amount in like cases have been held not excessive by our Supreme Court in *City of Chicago* v. *Keefe*, 114 Ill. 222, approved in the *Wangelin case*.    Nor does the fact that the court required a *remittitur* to be entered imply that the damages for which judgment was recovered were excessive.    *Lake Shore and Michigan Southern Railway Co.* v. *Hundt*, 41 Ill. App. 220; *Chicago Anderson Pressed Brick Co.* v. *Rembarz*, 51 id. 543; *Goldie* v. *Werner*, 50 id. 297.

"No good reason appears for reversing the judgment, and it is affirmed."

Pollard & Werner, for appellant :

The motion in arrest of judgment should have been sustained, on the ground that the declaration failed to allege that the deceased was in the exercise of due care at the time of the accident. *Iron and Steel Co.* v. *Martin*, 115 Ill. 358; *Railroad Co.* v. *Nowicki*, 148 id. 29.

The court erred in instructing the jury, at plaintiff's request, that they might consider the age, capacity and discretion of deceased in determining whether she was in the exercise of due care at the time of the accident, for the reason that the declaration contained no averment of any disability, which, if relied on, must be pleaded. *Railway Co.* v. *Wilcox*, 138 Ill. 370; *Railway Co.* v. *Eininger*, 114 id. 79.

The court erred in giving the instruction requested by plaintiff upon the measure of damages, because it did not confine the jury to a consideration of the evidence before them, and was otherwise vague, indefinite and misleading.    *Rolling Mill Co.* v. *Morrissey*, 111 Ill. 646.

The damages recoverable for the wrongful killing of a minor, where there is no evidence that collateral heirs have been in the habit of claiming or receiving pecuniary

assistance from the deceased, nor any evidence from which a reasonable expectancy of such assistance to collateral kindred or parent, after majority, can be inferred, are limited to the value of the services of the deceased to the parents up to majority, less the cost of feeding and clothing him. *Railroad Co.* v. *Delaney*, 82 Ill. 198; *Railroad Co.* v. *Shannon*, 43 id. 338; *Chicago* v. *Scholten*, 75 id. 468; *Holton* v. *Daily*, 106 id. 131.

W. H. Bennett, and A. R. Taylor, for appellee:

The running of a train within a city at a speed prohibited by ordinance makes the railroad company *prima facie* liable for the damages. Rev. Stat. 1889, (Cothran's ed.) chap. 114, sec. 73, p. 1157; *Railroad Co.* v. *Deacon*, 63 Ill. 94; *Railroad Co.* v. *Haggerty*, 67 id. 116.

The failure to aver in the declaration that the deceased was in the exercise of ordinary care, was, if a defect, cured by the verdict. *Railroad Co.* v. *Simmons*, 38 Ill. 243; *Cox* v. *Brackett*, 41 id. 225; *Coal Co.* v. *Wombacher*, 134 id. 63; *Ladd* v. *Piggott*, 114 id. 652; *Heiman* v. *Schroeder*, 74 id. 158; *Railway Co.* v. *O'Conner*, 115 id. 260; *Railroad Co.* v. *Feehan*, 149 id. 210; *Keegan* v. *Kinnare*, 123 id. 292.

The courts of this State have uniformly held that the question of contributory negligence is for the jury, even in the case of adults. *Railroad Co.* v. *Voelker*, 129 Ill. 553; *Railroad Co.* v. *Cline*, 135 id. 49.

When the facts and circumstances attending the injury are in evidence, the exercise of due care, or the failure thereof, is an inference to be drawn from such facts and circumstances. *Railroad Co.* v. *Nowicki*, 148 Ill. 33; *Railway Co.* v. *Carey*, 115 id. 119.

The doctrine that, in considering whether a child has exercised due or ordinary care, the age, discretion, etc., of the child are to be considered, is very old in this State, and instructions to the jury, in cases where applicable, have been invariably sustained, and no further averment than a statement of the age of the child has been neces-

sary to obtain such instructions.  *Kerr* v. *Forgue,* 54 Ill. 484; *Weick* v. *Lander,* 75 id. 99; *Chicago* v. *Keefe,* 114 id. 229; *Railroad Co.* v. *Slater,* 129 id. 99.

It was not for the trial court to apportion the damages.   This matter will be settled by the probate court upon distribution.   *Bradley* v. *Sattler,* 156 Ill. 607; *Railroad Co.* v. *Delaney,* 82 id. 200.

Per Curiam:   Appellant urges on this court that the Appellate Court did not consider the seventh instruction asked by it (appellant) and refused by the circuit court, which was as follows:

"The court instructs the jury, that if you find for the plaintiff, in considering the question of damages, unless it appears from the evidence that the brothers and sisters of the said Estiemes Then, deceased, were in the habit of claiming and receiving pecuniary assistance from her, you will not take into account anything which they may have lost by reason of her death, in assessing the damages in this case."

The action was by the father, as administrator, and the declaration avers the deceased left a father, brothers and sisters, etc.   The damages to be found by the jury were to be in gross.   The jury were not to apportion the amount recovered among the father and the brothers and sisters,—that was the province of the probate court.   This instruction, which sought to instruct as to the question of damage, entirely ignored the existence of the father and his right, and was misleading.   It was not error to refuse it.

As to other questions discussed by the Appellate Court, we are content with its opinion, and concur therein.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*