## Lake Shore & M. S. Ry. Co. v. William R. Conway.

1. PLEADING—*What Need Not be Proven.*—In a suit against a railroad company, for negligence, where the declaration charged that the " defendant permitted its track to be and remain out of repair, and dangerous for the running of cars thereon," and that " said train was improperly and insufficiently manned and lighted," *it was held*, that, whether proof of the latter charge was made or not, was, after verdict, immaterial.

2. NEGLIGENCE—*Master's Failure to Keep Property in Safe Condition.*—In a suit by a servant against his master, based on personal injuries resulting from an accident caused by a defective condition of the property of the defendant, where the defective appliances were not used by the plaintiff, it is not necessary to prove that the defendant had notice of their defective condition; it is sufficient for the plaintiff to show that the defendant, by the exercise of reasonable diligence, might have known of the defective condition complained of. .

3. PLEADING—*What a Sufficient Allegation of Ordinary Care.*—An allegation that a plaintiff " was in the usual and ordinary course of his employment," amounts to a statement that he was in the exercise of ordinary care.

4. SAME—*Failure to Plead Ordinary Care Cured by Verdict.*—A failure to allege that a plaintiff was in the exercise of ordinary care, is cured by a verdict in his favor.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

### STATEMENT OF THE CASE.

This is an action on the case to recover for injuries received by William R. Conway, on November 22, 1892, at Twenty-first street, Chicago.

At that street crossing the defendant maintained gates which were operated from a tower house, situated near the northwest corner of the intersection of the tracks of the defendant with said street, and just west of the westernmost of said tracks.

The plaintiff was in the employ of the defendant, and he operated said gates from said tower house. He was in said tower house when he received his injury.

He worked from 5:30 P. M. to 7 A. M. each day.

The defendant had two side-tracks and two main tracks at Twenty-first street at the time of the accident. The westernmost of these tracks stood next to and at the foot of the tower house. This was only a side track, and a short one at that.

On this side track, at a quarter past one in the morning, or thereabouts, an engine with one car attached came from the south. The engine was headed south, the car was in the rear of the engine, and the engine backed this car north over Twenty-first street.

In going over Twenty-first street the north pair of wheels of the car left the side-track, while the south pair of wheels on the same car remained on the track, as did also the engine. The derailment occurred after the car had passed over the line of the south sidewalk of Twenty-first street, and was half way over the distance of the width of the street.

The car derailed was moving three or four miles an hour. It was a box car. It moved only nine to ten feet after the derailment, yet it struck the tower in which plaintiff was. It toppled it over, and he received his injuries in this way.

The negligence charged was " that the defendant so carelessly, negligently and improperly managed said railroad, that by and through the carelessness, negligence and improper conduct of the said defendant, the track of said railroad on which said train was then and there running at and near to said crossing, was suffered and permitted to be and remain out of repair and dangerous for the running of trains thereon; and so carelessly, negligently and improperly managed, operated and conducted said train that by and through such carelessness, negligence and improper conduct, said train was insufficiently and improperly manned and lighted, and by and through and by reason of the carelessness, negligence and improper conduct aforesaid, one of the cars of said train jumped the track and ran with great force and violence to and upon and against the support of the said tower house in which the said plaintiff was, as aforesaid, engaged in the pursuit of his employment, as aforesaid, and by running against the same, caused said house to fall a great distance "—threw over a stove, and plaintiff was injured, etc.

The trial resulted in a verdict of $9,000 for plaintiff. Defendant moved for a new trial, which was overruled. Defendant then moved in arrest of judgment, which motion was overruled, and judgment was rendered on the verdict under exception of defendant.

WM. McFADON, attorney for appellant.

SULLIVAN & McARDLE, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We think that the jury was warranted in finding that the injury to appellant was caused by the negligence charged

in the declaration, viz., in permitting the track, off which the car ran, to be and remain out of repair and dangerous for the running of trains thereon. The statement in the declaration, " said train was insufficiently and improperly manned and lighted," was but a mere recital; whether proof of the same was made, is, after verdict, immaterial. B. & O. S. W. Ry. Co. v. Then, 159 Ill. 535.

The plaintiff was not bound to prove that the defendant had notice of the defective condition of the track. Neither the track nor the car was an appliance or instrumentality with which the plaintiff discharged his duties. He was injured, not because of a defect in anything supplied to him by his employer, but because appellant drove a car against the tower in which he was working.

Doubtless the obligations of a railroad in respect to side tracks are not as onerous as in regard to the main line; and had appellee been working upon the car which ran off, and thus been injured, a question very different from the one at bar would be presented. The declaration does not, in terms, allege that the plaintiff was, when injured, in the exercise of ordinary care, but it sets forth that he was in the usual and ordinary course of his employment in the tower house; this amounts to a charge that he was in the exercise of ordinary care. Gerke v. Fancher, 158 Ill. 375.

Moreover, a failure to allege that a plaintiff was in the exercise of ordinary care is cured by a verdict against the defendant. A., T. & S. F. Ry. Co. v. Feehan, 149 Ill. 202; Ill. Cent. Ry. Co. v. Simmons, 38 Ill. 242; B. & O. Ry. Co. v. Then, 159 Ill. 535.

It was not necessary that the plaintiff should show more than that the defendant, by the exercise of reasonable diligence, might have known of the defective condition of the track which caused the accident. As to this, a defective condition caused by an accumulation of frozen snow and mud, is very different from a defect arising from a flaw in a rail, a thing which might not be discoverable save upon a minute and, before the passage of each train, impracticable examination. Wood on Master and Servant, Sec. 329, 389, 411.

Brady v. Washington Ins. Co.

While not entirely approving of the instructions, we do not think that the defendant was unduly prejudiced thereby.

The damages recovered seem large, but are not so great as to shock our sense of right.

The judgment of the Circuit Court is therefore affirmed.