THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

CHARLES S. JOHNSON, Admr.

*Opinion filed October 26, 1903.*

STREET RAILROADS—*duty of servants in charge of street cars.* It is
the duty of servants operating street cars upon the public streets
to be on the lookout, and to take reasonable measures to avoid
injuries to persons on the streets.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. JONAS HUTCHINSON,
Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of
counsel,) for appellant.

JOHN F. WATERS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee, in an action against appellant in the supe-
rior court of Cook county, recovered a judgment for caus-
ing the death of his intestate. The deceased was a boy
four years old, and while crossing the track of appellant
at the crossing of Center and Sedgwick streets and Lin-
coln avenue, in the city of Chicago, on the 23d day of Oc-
tober, 1894, was struck and killed by one of appellant's
cars. There have been three trials of the case, each of

which resulted in a verdict for plaintiff, the first being set aside by the trial court and the second reversed upon appeal to the Appellate Court. The third trial resulted in a verdict for $3500, upon which, after a *remittitur* of $750, judgment was rendered for $2750. From a judgment of affirmance rendered by the Appellate Court appellant prosecutes this further appeal.

The sole ground of reversal here urged is that the trial court erred in its instructions to the jury. The second and fourth instructions given to the jury at the request of the plaintiff are objected to. The second is to the effect that it is the duty of the company's servants, in operating its cars upon the public streets, "to be on the lookout and to take reasonable measures to avoid injuries to persons on the streets." It is in conformity with the law as announced by this court in *Chicago City Railway Co.* v. *Jennings*, 157 Ill. 274, and *North Chicago Electric Railway Co.* v. *Peuser*, 190 id. 67. The instruction is not calculated to give the jury to understand that the right of the deceased in the street was superior to that of the street car company, as contended by counsel for the appellant, nor did it require the gripman who was in control of the car to look in any particular direction, as is assumed in the argument. It imposed upon the company the duty of recognizing the fact that persons had a right to the lawful use of the street, and in running its cars to take reasonable care to discover such persons and avoid injury to them. There was no error in giving the second instruction. The fourth relates to the damages, and is almost a literal copy of an instruction approved by this court, adopting the opinion of the Appellate Court in *Baltimore and Ohio Southwestern Railway Co.* v. *Then*, 159 Ill. 535. It was properly given.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*