THE UNITED STATES BREWING COMPANY

*v.*

HENRY M. STOLTENBERG, Admr.

*Opinion filed October 24, 1904.*

1. INSTRUCTIONS—*reference to the declaration is not improper.* Instructions directing the action of the jury if they find, from the evidence, that plaintiff has made out his case by a preponderance of the evidence, "as alleged in the declaration" or "as charged in the declaration," are not erroneous in using the terms quoted.

2. DAMAGES—*measure of damages for death of minor child.* In assessing damages for the negligent killing of a minor child the jury may consider the pecuniary benefit which the next of kin might have derived from the deceased at any age of his life had he not been killed, and are not confined to the pecuniary value of his services to the next of kin until he was twenty-one years of age.

3. EVIDENCE—*a preponderance of evidence need not be direct proof.* It is not essential to a preponderance of the evidence that the proof be the direct evidence of persons who saw the occurrence sought to be proved, but such occurrence may be proved by circumstances, provided such circumstances, together with all the evidence, constitute a preponderance.

4. NEGLIGENCE—*violation of valid ordinance is prima facie evidence of negligence.* Violation of an ordinance for the safety of the public which the city has power to enact is *prima facie* evidence of negligence, and the ordinance is admissible in evidence if the existence and violation thereof are properly charged in the declaration.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. P. VAIL, Judge, presiding.

This is an action on the case, brought on January 6, 1902, in the circuit court of Cook county by appellee, as administrator of John F. McHale, deceased, and against appellant to recover damages for injuries to the deceased, resulting in his death, alleged to have been caused by the negligence of the appellant. The plea of the general issue was filed. The jury returned a verdict in favor of the appellee for $5000.00, and judgment was entered for that amount

upon the verdict.   Upon appeal to the Appellate Court the judgment has been affirmed, and the present appeal is prosecuted from such judgment of affirmance.

The facts are substantially as follows:   John F. McHale, at the time of his death, was a little boy about four years old, and was killed on August 27, 1901, by being run over by one of appellant's wagons.   The accident happened on Leavitt street in Chicago from twenty-five to seventy-five feet north of Huron street, Leavitt street running north and south, and being crossed by Huron street which runs east and west.   A driver, named Fred Fischer, a servant of the appellant, was driving the wagon, which inflicted the injury, north upon Leavitt street; and the boy was struck by the wagon after it had crossed Huron street.

On the north-east corner of this street intersection is a grocery store, in front of which, and close to the curb, stood a grocery wagon without any horse attached to it, the box of which was three feet and seven inches in width.   Some children were playing on the street and the east sidewalk north of the wagon.   It seems that a street car line formerly had its tracks in Leavitt street, but the tracks had been removed, and the space formerly occupied by them had been filled with cobble stones and gravel.   The wagon, which was on its way to the appellant's barn, was loaded with bottles and drawn by a team of mules.   The deceased was playing in the street towards the middle of it, gathering up pebbles from the abandoned trackway.   The driver was driving his team at a rapid rate around the corner of Leavitt and Huron street and northward on Leavitt street in the space, formerly occupied by the street car rails.   The evidence shows that the driver, at the time of the accident, was talking to his son, a little boy, sitting on the seat with him, and looking down at the boy with his face turned towards the west.   He was laughing or joking with the boy upon the seat with him. He did not see the deceased, or know that he had run over him, until one of the witnesses herein called to him to stop. Both the east wheels of the wagon ran over the child.   The

father of the child was away at work, and its mother was washing clothes. The evidence tends to show that the child, a few minutes before it was killed, had left its mother to go into the back yard, and that the back yard was entirely closed, and the gates were fastened.

The theory of the appellant is, that, just as the team was opposite the grocery wagon, the deceased suddenly ran from behind the grocery wagon, and was struck by the appellant's wagon, and run over and killed. The evidence of appellee tended to show that the child was in plain sight of the driver, and that, had the latter looked at the objects ahead of him, he would have avoided injuring the child. Two other of the children ran back, but the deceased tripped and fell and the wagon ran over him before he could get up. Some of the testimony of the appellee tended to show that the appellant's wagon was going at the rate of from ten to fifteen miles an hour; other witnesses put the speed at from ten to twelve miles per hour, and others at from eight to ten miles per hour. The evidence of the appellant tended to show that the appellant's wagon was proceeding north on an ordinary trot, and at a speed not to exceed four or five miles an hour.

F. J. CANTY, and E. E. GRAY, (J. C. M. CLOW, of counsel,) for appellant.

ALEXANDER SULLIVAN, (FRANCIS J. WOOLLEY, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The first ground, urged by the appellant in favor of the reversal of the judgment, is that certain instructions given for the appellee were erroneous.

The first instruction is said to be erroneous because it tells the jury that, if they "find from the evidence that the plaintiff has made out his case by a preponderance of the

evidence, as alleged in the declaration, then the jury should find the defendant guilty," etc. The objection, made to the instruction, is that it uses the words, "as alleged in the declaration." This form of instruction has been approved by this court in a number of cases, and it is unnecessary to repeat what is said in those cases. (*Pennsylvania Co.* v. *Marshall,* 119 Ill. 399; *Central Railway Co.* v. *Bannister,* 195 id. 48; *West Chicago Street Railroad Co.* v. *Scanlan,* 168 id. 34; *Chicago City Railway Co.* v. *Carroll,* 206 id. 318; *City of LaSalle* v. *Kostka,* 190 id. 130; *Mt. Olive Coal Co.* v. *Rademacher,* 190 id. 538; *North Chicago Street Railroad Co.* v. *Polkey,* 203 id. 225; *West Chicago Street Railroad Co.* v. *Lieserowitz,* 197 id. 607; *Laflin & Rand Powder Co.* v. *Tearney,* 131 id. 322; *Ohio and Mississippi Railway Co.* v. *Porter,* 92 id. 437.)

Instruction, numbered 4, is claimed to be erroneous for the same reason as instruction numbered 1, and the objection to it is answered by the authorities above referred to. The same authorities also answer the objection, made to the third instruction given for the appellee, the language used in that instruction stating that "plaintiff has sustained damages, as charged in the declaration," etc. The only difference is, that the word "charged" is used instead of the word "alleged." We do not consider that the use of the one word instead of the other takes the third instruction out of the reasoning of the authorities above referred to.

Appellant claims that the second instruction, given for the appellee, is erroneous. That instruction is as follows:

"If you find a verdict in favor of plaintiff, you are not confined in assessing the damages, to the pecuniary value of the services of the deceased child to his next of kin until he would have arrived at the age of 21, but the jury may consider the pecuniary benefit which the next of kin might have derived from said deceased, had he not been killed, at any age of his life."

This instruction is exactly the same as an instruction, which was approved by this court in the case of *Baltimore*

*and Ohio Southwestern Railway Co.* v. *Then,* 159 Ill. 535. The only difference between the instruction in the *Then case* and that in the case at bar is, that, in the former, the words, "may have derived," are used, while in the latter the words, "might have derived," are used. The difference between the two instructions is a mere matter of grammar, and does not affect the meaning. The instruction in the *Then case* was referred to with approval in the recent case of *North Chicago Street Railroad Co.* v. *Johnson,* 205 Ill. 32. It is unnecessary to repeat the views, expressed in regard to this instruction in the case of *Baltimore and Ohio Southwestern Railway Co.* v. *Then, supra.*

Complaint is made by the appellant of the fifth instruction, given for the appellee, upon the ground that it authorizes the jury to act upon circumstantial evidence. The language of the instruction is as follows:

"While the plaintiff must prove his case by a preponderance of evidence, still the proof need not be the direct evidence of persons who saw the occurrence sought to be proved, but facts may also be proved by circumstantial evidence, that is, by proof of circumstances, if any, such as give rise to a reasonable inference in the minds of the jury of the truth of the facts alleged and sought to be proved, provided such circumstances, together with all the evidence in the case, constitute a preponderance of evidence."

There was no error in this instruction. Instructions of this character have been approved of by this court in the following cases: *North Chicago Street Railroad Co.* v. *Rodert,* 203 Ill. 413; *Miller* v. *Balthasser,* 78 id. 302; *Slack* v. *Harris,* 200 id. 96; *Chicago and Eastern Illinois Railroad Co.* v. *Beaver,* 199 id. 34; *Chicago and Atlantic Railway Co.* v. *Carey,* 115 id. 115. In *Chicago and Eastern Illinois Railroad Co.* v. *Beaver, supra,* we said (p. 36): "It was necessary to a right of recovery it should be made to appear deceased was in the exercise of due care and caution for his own safety, but it is not indispensable it should be established by direct proof. It may be shown by circumstantial evidence, or, as

has been sometimes said, it may be inferred by the jury from circumstances appearing in the proof."

One of the contentions, made by the appellant, was that the child was playing behind the grocery wagon, so that he could not be seen by the driver of appellant's wagon, and ran out from behind the grocery wagon so suddenly, that appellant's driver was unable to stop his team before striking him. There were circumstances in the evidence tending to show that the child did not run out immediately from behind the wagon, but was in a position so far north and west of the wagon, that he could have been seen by the driver at any moment after the latter passed the north cross-walk, if not before. We do not regard the objection, made to the fifth instruction given for appellee, as well taken.

*Second*—It is claimed on the part of the appellant, that the trial court erred in permitting the appellee to introduce in evidence an ordinance of the city of Chicago, forbidding the driving of horses in the city at a greater rate of speed than six miles an hour. The ordinance, so objected to, is as follows:

"Sec. 1259. No person shall ride or drive any horse or horses or other animal in the city of Chicago with greater speed than at the rate of six miles an hour, under a penalty of not more than ten dollars for each offense, to be recovered from the owner or driver thereof, severally and respectively."

In an additional count to the declaration, filed by leave of court on May 17, 1902, this ordinance was pleaded, and set up *in hæc verba*.

The contention of the appellant upon this subject is that, while the violation of a statute may be *prima facie* evidence of negligence, yet that a city council cannot make an act negligence, which in the absence of an ordinance would not be negligence; in other words, that a city council cannot by ordinance create civil liabilities between citizens. In support of this contention the case of *Rockford City Railway Co.* v. *Blake,* 173 Ill. 354, is referred to. It does not appear, however, that in the *Blake case* the ordinance was pleaded in the declaration. An ordinance may be properly excluded

where there is no allegation in the declaration, that there was such a requirement of the city code as is embodied in the ordinance, and where, therefore, the defendant has not been charged with a breach of it. (*Illinois Central Railroad Co.* v. *Godfrey,* 71 Ill. 500; *Blanchard* v. *Lake Shore and Michigan Central Railway Co.* 126 id. 416). Moreover, the ordinance in the *Blake case* was not confined to the matters, which were within the power of a city to regulate by ordinance, but made it the absolute duty of the railway company to stop upon the appearance of danger to any person, and not merely to use reasonable care to stop.

The violation of a statute is *prima facie* evidence of negligence. This is also true as to the violation of a city ordinance, where the ordinance is such an one as the city is authorized by its charter, or by statute, to make. The ordinance, when passed in pursuance of a power conferred by statute, has the force and effect of the statute. (*Morse* v. *Sweenie,* 15 Ill. App. 486; *Pennsylvania Co.* v. *Frana,* 13 id. 91, and authorities cited). Clause 21 of section 63 of article 5 of the City and Village act, which act is the charter of the city of Chicago, confers the power upon the city council "to regulate the speed of horses and other animals, vehicles, cars and locomotives within the limits of the corporation." (1 Starr & Curt. Ann. Stat.—2d ed.—p. 696). Inasmuch, therefore, as the city council of Chicago had the power to pass the ordinance, set up in the additional count and introduced in evidence in the case at bar, such ordinance has the force and effect of a statute. Its violation constitutes a *prima facie* case of negligence, if such violation caused the injury, which resulted in the death of the deceased. Consequently, its admission was not error.

In *Channon Co.* v. *Hahn,* 189 Ill. 28, it was held that, in an action by an employe for injuries received from falling down an open elevator shaft, proof of the defendant's violation of a city ordinance, requiring all persons controlling passenger or freight elevators in buildings to employ some person to take charge of and operate the same, constituted a

*prima facie* case of negligence, if such violation caused or contributed to the injury; and we there said (p. 32) : "The breach of this ordinance was alleged in different counts of the declaration, was clearly established by the proof, and this constituted a *prima facie* case of negligence if the violation of the municipal law caused or contributed to the personal injury received by the appellee."

In *True & True Co.* v. *Woda,* 201 Ill. 315, where a city ordinance prohibited the placing of any article or thing on a sidewalk in front of any store, shop or other place so as to occupy more than three feet next to the building, and imposed a fine therefor, it was held that the violation of such ordinance made a *prima facie* case against the appellant, it appearing that the ordinance or ordinances were pleaded and proven by the appellee. It has been held that "the fact, that the rate of speed, at which the defendants were driving, was prohibited by the ordinance, would of itself be proof of negligence." (1 Thompson on Negligence, sec. 1307; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Robson,* 204 Ill. 254; *City of Pekin* v. *McMahon,* 154 id. 141; *Barrett* v. *Smith,* 128 N. Y. 607). It has been held that a declaration, which sets up a violation of a city ordinance as to the speed of horses, is good. (*Higgins* v. *Deeney,* 78 Cal. 578; *Eaton* v. *Cripps,* 94 Iowa, 176; *Mittelstadt* v. *Morrison,* 76 Wis. 265; *McRickard* v. *Flint,* 114 N. Y. 226; Elliott on Roads and Streets,—2d ed.—sec. 839).

We have thus noticed all the objections, made by counsel for the appellant, and find no good reason for reversing the judgments of the lower courts. Accordingly, the judgment of the Appellate Court, affirming the judgment of the circuit court, is affirmed.     *Judgment affirmed.*