Nellie Carlin, Administratrix, Appellee, v. Peter F. Deahl and U. Samuel Deahl, Appellants.

Gen. No. 17,108.

1. NEGLIGENCE—*sufficiency of evidence to support verdict.* In an action for the death of a child struck by a wagon, in which there was a verdict for the plaintiff, evidence *held* to sustain a finding that the defendant's driver was guilty of common-law negligence.

2. DEATH—*assessment of damages.* In an action for the death of a child, instructions which related to the measure of damages, stating the doctrine that as to collateral kin no more than nominal damages might be allowed unless it appears from the evidence that

they suffered pecuniary loss and that when suit is brought on behalf of collateral kin some evidence of that character is necessary, were properly refused as ignoring the rights of parents, who were among the next of kin.

3. DEATH—*damages for death of child.* A jury in assessing damages for the death of a child is nc confined to the pecuniary value of the services of the deceased .ntil it should arrive at the age of eighteen, but may consider ᵗ ᴫe pecuniary benefit which the next of kin might derive from it at any age of life had there been no accident.

4. APPEAL AND ERROR—*harmless error.* In an action for death of a child, an instruction that the jury might consider the pecuniary benefit which the next of kin might have derived at any age of the child's life had she lived was not prejudicial though the persons for whose benefit the suit was brought included, in addition to parents, collateral relations as to whom no pecuniary loss was shown, where the damages assessed were less than those allowed in similar cases brought for the benefit of parents alone, as to whom no such proof is required.

5. TRIAL—*instructions.* In an action for the death of a child, the court properly refused an instruction requested by the defendants to the effect that the defendant's driver was not required to be on guard against the unusual, extraordinary and not reasonably to be expected, where another instruction told the jury that there could be no recovery unless they found from the evidence that the driver was negligent, and none if the child ran under the horse as claimed by the defendants.

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 1, 1912.

ROBERT S. ILES and ROBERT D. MARTIN, for appellants.

BERNARD P. BARASA, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

The declaration in this case avers that a child six years old was killed by the negligence of appellants' servant while driving a horse and wagon. The case went to the jury on two counts—the first alleging

common-law negligence, and the other alleging a violation of a city ordinance limiting the speed of vehicles around a street corner to four miles an hour. Appellants' main contentions are that the evidence is insufficient to sustain either count, and that there was error in giving and refusing to give certain instructions relating to the measure of damages.

The child was killed in an accident on Oak street within a few feet west of the southwest corner of its intersection with Milton street. The team was driven north on Milton street around said southwest corner to the west on Oak. There were about twenty-five children on the street at the time. There is much conflict in the testimony as to the details. Three witnesses on each side gave their versions of the accident. Appellants' witnesses testified that the team was driven slowly; that the driver checked his horse and warned the child as it was crossing the street to the north; that the child stopped and suddenly ran back between the horse's legs shortly after the team started up again. Appellee's witnesses testified that the horse was driven fast; that they heard no warning; that the driver at the time was engaged in talking to a companion on the seat with him; that the child was crossing the street from the north side and was run into and knocked down by the horse and run over by the wagon. Such a state of testimony presents a case peculiarly within the province of a jury to determine where the truth lies. In the absence of any impeaching testimony or inherent improbability of the facts testified to, we cannot say on such a record that the jury, which saw and heard the witnesses and had a better opportunity to determine their reliability and credibility than we have, were not justified in finding the driver negligent under the first count. The evidence on the rate of speed, however, hardly supports the other count.

The refused instructions aforesaid, relating to the

measure of damages, sought to apply the well-settled doctrine in such cases that, as to collateral kin, no more than nominal damages will be allowed unless it appears from the evidence that they suffered pecuniary loss, and when suit is brought on behalf of collateral kin, some evidence of that character is necessary. Rhoads v. C. & A. R. R. Co., 227 Ill. 328. But the next of kin in this case included parents, brothers and sisters. The instructions ignored the right of the parents; for that reason they were properly refused. B. & O. S. W. Ry. Co. v. Then, 159 Ill. 535.

It is also urged that it was error to give the instruction to the effect that the jury in assessing damages were not confined to the pecuniary value of the services of the deceased child until she should arrive at the age of eighteen years, but might consider the pecuniary benefit which the next of kin might derive from her at any age of her life if she had not been killed. This instruction, in practically the same form, has been frequently approved in suits of similar character. U. S. Brewing Co. v. Stoltenberg, 211 Ill. 531; No. Chi. St. R. R. Co. v. Johnson, 205 Ill. 32; B. & O. S. W. Ry. Co. v. Then, *supra*. We do not think that because the kin in whose behalf the suit was brought included collateral relations as to whom no pecuniary loss was shown, such instruction was prejudicial in view of the fact that it was also brought for the benefit of parents and that the damages assessed, viz: $1,200, were much less than those allowed in many similar cases brought for the benefit of parents alone, as to whom no such proof is required. O. & M. Ry. Co. v. Wangelin, 152 Ill. 138; Chi. & A. Ry. Co. v. Shannon, 43 Ill. 338.

The court refused to give an instruction to the effect that the driver was not required to be on guard against the unusual, extraordinary and not reasonably to be expected. The jury having been told in another instruction that there could be no recovery unless they

found from the evidence that the driver was negligent, and none if the child ran under the horse as claimed by appellants, we do not think appellants were injured by the refusal to give such instruction.

The judgment is affirmed.

*Affirmed.*