**Minnie J. Christiansen, Defendant in Error v. James R. Navigato and Joseph Del Re, Plaintiffs in Error.**

**Gen. No. 18,665.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

### Statement of the Case.

Action by Minnie J. Christiansen against James R. Navigato and Joseph Del Re to recover damages for an injury to plaintiff's ankle caused by a defective board walk leading to a rear flat occupied by plaintiff as a tenant of the defendants. From a judgment in favor of plaintiff for three hundred dollars, defendant brings error.

COMERFORD & COHEN, for plaintiffs in error.

LEBOSKY & PLUMB and T. D. HURLEY, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 198*—*when contributory negligence is a question of law.* Contributory negligence is not a question of law merely because the facts are not disputed. Not only must the evidentiary facts be undisputed, but all reasonable minds must agree as to the conclusion to be drawn therefrom before such a question can be said to be one of law.

2. LANDLORD AND TENANT, §. 259*—*when question of contributory negligence of tenant injured by board walk is for jury.* In an action against landlords for injuries sustained by a tenant caused by a defective board walk on the premises, the facts showed that plaintiff had knowledge of the defective condition of the walk and had complained of it to defendants, who made no promise to re-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

pair, and that plaintiff on returning home in the evening tripped on a loose board which caused her to fall forward, stepping heavily upon a board which broke. *Held* that the question of plaintiff's contributory negligence was for the jury, and that refusal of court to direct a verdict for defendant was not error.

**Anna Krasa and Louis S. Cohen, Defendants in Error, v. United States Brewing Company of Chicago and Charles Vogel, Plaintiffs in Error.**

## Gen. No. 18,676.

1. LANDLORD AND TENANT, § 464*—*place of payment and demand of rent.* Where a lease provides that the rent shall be paid at the office of the lessee Company, *held* that the office bearing the name of another company having the same officers as the lessee Company was the office of the lessee mentioned in the lease at which the lessors could demand the rent, it appearing that the lease was signed at such office and that previous payments of the rent had been made therefrom in the name of the lessee Company.

2. LANDLORD AND TENANT, § 79*—*when notice of intention to declare a forfeiture for nonpayment of rent unnecessary.* Under a provision in a lease that failure of lessee to keep the condition and covenants shall constitute a forfeiture of all rights under the lease and that a further occupancy thereunder shall be a forcible detainer of the premises by the lessee, no notice by the lessor of his intention to declare a forfeiture is necessary where the lessee neglected to keep a covenant to pay rent.

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914. Rehearing denied March 23, 1914. *Certiorari* denied by Supreme Court (making opinion final).

WINSTON, PAYNE, STRAWN & SHAW, for plaintiffs in error; JOHN C. SLADE, of counsel.

VINCENT D. WYMAN, CHARLES E. CARPENTER and OTTO W. JURGENS, for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the court.