Simon T. Sutton, Administrator, Plaintiff in Error, v. Arrow Transfer Company, Defendant in Error.

Gen. No. 18,318.

1. NEGLIGENCE, § 96—*degree of care required of child.* A child is not required to exercise the same degree of care as an adult, but only such care as a child of its age, intelligence, experience and capacity would ordinarily exercise.

2. NEGLIGENCE, § 230*—*when giving of instruction as to contributory negligence of child not misleading.* In an action for the death of a child, the giving of instructions upon the contributory negligence of the child, omitting any reference to her age, intelligence, experience and capacity, *held* not reversible error where other instructions given correctly stated the rule as to the degree of care required of a child.

3. NEGLIGENCE, § 228*—*when instruction not limiting contributory negligence to just before and at time of accident not misleading.* The giving of an instruction as to contributory negligence of a

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

child which did not refer to the time of the negligence as "just before and at the time of the accident," *held* not misleading where the only conduct of the child which was in question was that immediately before and at the time of the accident.

Error to the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914.

JOHN C. KING and JAMES D. POWER, for plaintiff in error.

MILLER, GORHAM & WALES and WILLIS G. SHOCKEY, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This was an action to recover for the death of plaintiff's intestate, a child nine years of age, who was run over by a wagon belonging to the defendant. Upon the trial the jury found the defendant not guilty.

Plaintiff claims that the child was crossing the street some distance ahead of the horses and wagon; that she was knocked down and trampled upon by the horses, the wagon passing over her. The defendant claims that the team was proceeding at a walk; that the child, who was on the street, with her back to the wagon, turned suddenly and ran directly into the middle of the wagon.

We shall not undertake to state the more or less conflicting stories of the witnesses testifying to the occurrence. It is sufficient to say that we are of the opinion that the greater weight of the evidence tended to establish defendant's theory of the accident, and that the verdict was fully justified.

Complaint is made of certain instructions given at the request of the defendant, touching contributory negligence of plaintiff's intestate, which omitted any reference to her age, intelligence, experience and capacity. It is said that while these instructions might cor-

rectly state the law were the plaintiff's intestate an adult, yet it was reversible error to give them in this case, where plaintiff's intestate was an infant of tender years. A child is not required to exercise the same degree of care as an adult, but only such care as a child of its age, intelligence, experience and capacity would ordinarily exercise. *Illinois Iron & Metal Co. v. Weber,* 196 Ill. 526; *Lake Erie & W. R. Co. v. Klinkrath,* 227 Ill. 439. In the present case, by the first instruction this rule as to the degree of care required of a child was correctly given to the jury. There was nothing in any other instruction which negatived this rule. The fact that in other instructions touching due care for her own safety there was not repeated the full statement of the degree of care required of a child, could not reasonably mislead the jury into thinking that this degree of care was any different from that stated in the first instruction.

We might further say that the instructions complained of correctly stated the law, and would be objectionable only by reason of the absence of any defining or explanatory instruction which might be necessary in a close case on the facts to prevent possible misapprehension. This explanatory instruction is present.

It is argued that the jury were improperly instructed that any negligence of the child, though remotely contributing to the accident, would bar a recovery. In one of the instructions of which complaint is made the point of negligence is particularly placed at "just before and at the time of the accident in question"; however, the only conduct of the child which was in question was that immediately before and at the time of the accident. The issue of fact was whether she was walking in front of the team, as plaintiff claims, or walked into the side of the wagon, as defendant claims. We think the jury could not have considered the instructions to refer to any point of time other than

that involved in her conduct immediately relating to this issue.

Under the evidence no other verdict could stand, and the judgment is affirmed.

*Affirmed.*