Johnson v. City of St. Charles, 200 Ill. App. 184.

to sustain a finding that the owner did not enter into a contract with the broker to find a purchaser for the property.

---

# Frank Oscar Johnson, Administrator, Appellee, v. City of St. Charles, Appellant.

## Gen. No. 6,186.

1. NEGLIGENCE, § 95*—*what degree of care required of children.* A child is not required to exercise the same degree of care to avoid injury as an adult, but only such care as a child of his age, intelligence, experience and capacity would ordinarily exercise.

2. NEGLIGENCE, § 4*—*what degree of care required not to injure children.* Adults must take notice of the lack of judgment, caution

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and discretion in children and their consequent inability to take care of themselves, and conduct business with that in view and reasonably guard against injuring them.

3. NEGLIGENCE, § 201*—*when contributing negligence of child is for jury.* Although the evidentiary facts are undisputed, still the question of contributory negligence is one of fact for the jury and not of law for the court, unless all reasonable minds must agree as to the conclusion to be drawn from the admitted facts.

4. ELECTRICITY, § 28*—*when contributory negligence of child in handling live wire for jury.* In an action for the death of a boy ten years of age who, while traveling on a highway, left it to examine a fallen electric wire on land adjoining a public highway, and was killed upon touching the exposed end of the wire while handling it, *held* that it was a question for the jury whether the deceased was guilty of contributory negligence.

5. ELECTRICITY, § 27*—*when evidence sufficient to sustain finding that city was guilty of negligence in failing to repair break in electric wire.* In an action against a city for the death of a boy ten years of age, as the result of his handling a live wire in a field adjoining a public highway, where it appeared that the line had been in operation three or four weeks and that a severe storm occurred two days before the accident, evidence *held* sufficient to sustain a finding that defendant was guilty of negligence in failing to investigate and repair the line.

6. ELECTRICITY, § 9*—*what degree of care must be taken to prevent injury to persons from current of electric light supply line.* An electric light supply line is a dangerous agency, and care commensurate with the danger must be taken to prevent injury to persons from the electric current.

7. TRESPASS, § 11*—*what does not constitute trespassing on premises of city.* A boy who leaves the public highway and goes into a field, which a city has a license to use for its electric light supply line, to experiment with a fallen electric light wire, is not a trespasser on premises of the city, regardless of whether or not he was a trespasser as against the owner of the land.

8. ELECTRICITY, § 25*—*when not presumed that boy has full knowledge of danger from electric wire.* It is not to be presumed that a boy ten years of age has any knowledge of electricity and its dangers compared with workmen employed around electric wiring.

9. APPEAL AND ERROR, § 1772*—*when judgment not reversed.* A judgment should not be reversed where the record discloses no material error of law.

10. INSTRUCTIONS, § 47*—*when instructions which direct verdict may be refused.* Requested instructions advising the jury that plain-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff's decedent was guilty of negligence under the facts, *held* improper.

11. INSTRUCTIONS, § 153*—*when not duty of court to modify.* It is not the duty of the court to modify requested instructions which in effect direct a verdict.

12. APPEAL AND ERROR, § 1241*—*when party may not complain of modification of erroneous requested instruction.* One who asks a court to give an improper instruction cannot be heard to complain of the court's action in modifying it, although the court fails to make it good.

13. APPEAL AND ERROR, § 1544*—*when error in instructing jury to pass on question of contributory negligence as matter of law harmless.* Any error in an instruction in an action for negligent death, that it allowed the jury to pass on "contributory negligence" as a matter of law, *held* harmless where the jury were told in other instructions that the plaintiff was not entitled to recover unless the deceased was at and before the accident in the exercise of due care there defined.

14. DEATH, § 73*—*when not erroneous as telling jury to consider all the evidence in determining damages for negligent death.* An instruction in an action for negligent death, that if the jury believed from a preponderance of the evidence in the case that the defendant was guilty as charged in plaintiff's declaration or some count thereof, then in determining the amount of damages, if any, to be awarded to plaintiff as administrator, they should fix such amount for their verdict, as would, in their judgment, from all the evidence be a fair and just compensation to the next of kin of deceased for the pecuniary loss, if any, resulting to them by reason of his death, *held* not erroneous as requiring the jury to consider "all the evidence" instead of limiting their consideration to the facts and circumstances attending the injury.

15. DEATH, § 73*—*when instruction on damages in action for negligent death not bad as ignoring defense of contributory negligence.* An instruction on damages for negligent death is not bad as ignoring the defense of contributory negligence where it does not direct a verdict, but is only intended to guide the jury in assessing damages, if they find the defendant guilty.

16. DEATH, § 73*—*when instruction in action for negligent death limiting recovery to pecuniary damages proper.* In an action for the negligent death of a child, an instruction on damages *held* proper as confining the jury to pecuniary damages.

17. APPEAL AND ERROR, § 1542*—*when instruction on damages not reversibly erroneous.* An instruction on damages cannot be *held*

reversibly erroneous where there is no claim, or ground for claim, that the damages are excessive.

Appeal from the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

JOHN A. RUSSELL and CHARLES L. HUNT, for appellant.

C. HELMER JOHNSON and LEONARD MEAD, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

The appellant, City of St. Charles, operated an electric plant with poles and wires extending along a much traveled public highway north from the city. On Monday, September 23, 1912, appellee's intestate, Walter Johnson, a boy ten years old, was walking along that highway at a point within a mile of the business part of the city with Nils Nelson, a boy about twelve years old. There had been a severe storm of the previous Friday, and one of the electric wires was broken and hanging with the end lying on the ground inside the field adjoining the public highway. Walter ran to the side of the road, climbed through the fence, and took hold of the insulated wire about two feet from the end, which was harmless. He then touched the end of the broken wire, which was uninsulated and described as bright and "shiny," and received a shock from which he immediately died. He was warned by his companion and knew when he did this that there might be danger from touching the wire. The wire was down Saturday morning, two days before the accident. There is evidence tending to prove that appellant was actually notified of this condition on Saturday; but there is a conflict on that question, and whether appellant

in the absence of actual notice in time to repair the wire is charged with constructive notice is a pertinent inquiry. The poles and wires were placed there by permission of the owner of the land. There was no reason why deceased should go through the fence or touch the wire except the prompting of boyish curiosity. This action was brought to recover for that injury, and on a jury trial there was a verdict and judgment of $2,500 for the plaintiff. The record is brought here on appeal.

It is first insisted that under the above stated facts deceased was guilty of contributory negligence as matter of law, and that the court erred in not directing a verdict for the defendant. In *Trapp v. Rockford Elec. Co.,* 186 Ill. App. 379, we considered the degree of care required of children and discussed several holdings of our Supreme Court on that question, and noted the purpose of the law "to protect children against their lack of sound judgment." It was said in *Sutton v. Arrow Transfer Co.,* 186 Ill. App. 188: "A child is not required to exercise the same degree of care as an adult, but only such care as a child of his age, intelligence, experience and capacity would ordinarily exercise." In the late case of *Hartnett v. Boston Store of Chicago,* 265 Ill. 331, the court citing many authorities said: "A minor may reasonably be expected to exercise that degree of care which a person of his age, intelligence, capacity, discretion and experience would naturally and ordinarily use." The law recognizes the lack of judgment, caution and discretion in children and the consequent inability to take care of themselves, and requires adults to take notice of these tendencies and conduct business with that in view and reasonably guard against injuring them. Accident cases are very numerous in which children have been held not guilty of contributory negligence where adults would clearly have been found not in the exercise of ordinary care for their own safety. Whether in the present case de-

ceased was exercising such care for his own safety as boys of his age, intelligence, capacity, discretion and experience would naturally and ordinarily use, is a question of fact to be first passed on by the jury unless there is only one reasonable conclusion. What a ten-year-old boy of the kind and character pictured in legal definitions would naturally and ordinarily do is a question that laymen are quite as well qualified to answer as are judges and lawyers. It involves a consideration of many factors. No fixed rule can be applied even in cases of children of equal age and natural capacity. Thompson on Negligence, vol. 1, sec. 309; *Hartnett v. Boston Store of Chicago, supra.* Although the evidentiary facts are not disputed, still the question of contributory negligence is one of fact for the jury and not of law for the court, unless all reasonable minds must agree as to the conclusion to be drawn from the admitted facts. That it is not for the court to direct the jury as to what facts do or do not constitute negligence hardly requires citation of authority. The rule is held or recognized in *Lake Erie & W. R. Co. v. Klinkrath,* 227 Ill. 439; *Commonwealth Elec. Co. v. Rose,* 214 Ill. 545; *Illinois Iron & Metal Co. v. Weber,* 89 Ill. App. 368; *Christiansen v. Navigato,* 185 Ill. App. 318; *Kelly v. Commonwealth Elec. Co.,* 167 Ill. App. 210, and many other cases. Of course, all statements that contributory negligence is a question of fact for the jury are to be read remembering that any contention as to any claimed fact may become a matter of law for the court instead of a question of fact for the jury if the evidence is so clear that there can be but one reasonable conclusion from it. In our opinion it cannot be said in the present case that deceased, as matter of law, was not measuring up to the required standard in letting his boyish curiosity lead him to experiment with the broken wire. We think that question was properly left to the jury, and that their conclusion was not so unreasonable as to require the trial

court to disregard it, or permit this court to reverse the case on that ground.

The jury were justified in finding the defendant negligent. Its line was properly constructed and had been in operation three or four weeks before the accident. The break was within about a mile of its power plant and on the Elgin road. There was a severe storm on Friday night which should have warned appellant of the danger of such an accident. It was dealing with a destructive agency which required care commensurate with the danger. *Commonwealth Elec. Co. v. Melville,* 210 Ill. 70. And even if the jury were not justified in finding actual notice to appellant on Saturday, still we think they were warranted in charging appellant with negligence in not learning the danger and repairing the line before the accident happened, considering the location of the wire, its nearness to the city and the plant, and the danger to be anticipated from neglecting investigation of the line after a severe storm.

It is argued that deceased was a trespasser and therefore appellant owed him no duty except not to wantonly injure him. If the field entered by deceased had been owned or controlled by appellant a different question might arise. But it was the land of a third party, appellant was there by permission of the owner and whether deceased was there under an implied license, which often arises from custom in the country to go on foot onto fields adjacent to the highway, or was trespassing as against the owner of the land, he was not trespassing on the premises of appellant. Appellant had no authority to forbid deceased from going upon that field, therefore, as against the appellant, he was rightfully in the field where he was injured. The case is to be distinguished from those in which an accident occurs to a trespasser upon the property of the defendant. The wire fell within the field adjoining the highway, but we think that fact should not make ap-

pellant less liable than if it had fallen on the roadside of the fence.

There is no question that deceased was a bright, intelligent boy. He was a farmer boy, probably not much acquainted with the operation of electricity. He knew when he touched the wire that he might receive a shock, and quite likely knew cases where boys had touched electric wires and received slight shocks. There is nothing in the evidence to show, and it is not to be presumed, that he had any knowledge of electricity and its dangers compared with workmen employed around electric wiring. The judgment should not be reversed unless the record discloses material error of law.

Appellant offered four instructions, each, in substance, advising the jury that deceased was guilty of negligence under the facts which the instructions recited and which were not controverted. The court modified each of those instructions by inserting, "If you believe such acts on his part were contributory negligence," leaving the jury to determine whether the conclusion from the admitted facts was that the boy was negligent instead of determining that question as a matter of law. Each of these instructions practically directed a verdict and might well have been refused. It was not the duty of the court to amend or modify the instructions (*Rolfe v. Rich,* 149 Ill. 436), though he might do so if he desired. The Appellate Court of the fourth district lately held in *Grannon v. Donk Bros. Coal & Coke Co.,* 173 Ill. App. 395, that one who asks the court to give an improper instruction cannot be heard to complain of the court's action in modifying it, although the court fails to make it good. It held the same rule in *Wilkerson v. Willis Coal & Mining Co.,* 158 Ill. App. 620, and in earlier cases there cited. *Ryan v. Donnelly,* 71 Ill. 100, cited and approved in *Crown Coal & Tow Co. v. Taylor,* 184 Ill. 250, seems to support that holding. But without attempting to fix the limitations of that rule, it is sufficient in this case to

say we see no substantial error in the instructions, as modified. It is objected that they left the jury to pass on "contributory negligence" as matter of law, but the jury were told in other instructions that the plaintiff was not entitled to recover unless the deceased was at and before the time of the accident in the exercise of due care there defined, and there is no reason to suppose that they would conclude from this instruction that he might recover if he did not measure up to the standard of care required by the other instructions.

The court, at the instance of appellee, gave the jury the following instruction: "If you believe from a preponderance of the evidence in this case that the defendant is guilty as charged in plaintiff's declaration, or some count thereof, then, in determining the amount of damages, if any, to be awarded to the plaintiff as administrator, you should fix such amount for your verdict as will, in your judgment, from all the evidence be a fair and just compensation to the next of kin of deceased for the pecuniary loss, if any, resulting to them by reason of his death." It is urged that this instruction is bad because it tells the jury in assessing the damage to consider "all the evidence" while it should have limited the consideration to the facts and circumstances attending the injury. A similar objection to a similar instruction was denied by the court in *Chicago City Ry. Co. v. Gemmill*, 209 Ill. 638, and it was there said that an instruction in substantially the same form had been approved by the court in many cases there cited. It is also urged that the instruction is bad as ignoring the defense of contributory negligence. The answer to that objection is that it does not direct a verdict, but is only intended to guide the jury in assessing damages, if they find the defendant guilty. This objection goes to the first part of the instruction, where the jury are told if they believe, etc., that the defendant is guilty as charged in plaintiff's declara-

tion, or some count thereof.   Instructions similar in this respect have been approved in *Pennsylvania Co. v. Marshall,* 119 Ill. 399, and numerous later cases citing that case, among them *U. S. Brewing Co. v. Stoltenberg,* 211 Ill. 531, citing a great number of earlier cases.   The instruction properly confined the jury to pecuniary damages.   So far as it is to be considered as an instruction on the measure of damages, it would not, if erroneous, work a reversal of the judgment, for there is no claim, nor ground for claim, that the damages are excessive.

The court refused two instructions offered by the defendant, each of which would, if given, have informed the jury that the conclusion from the practically admitted facts in the case was that deceased was negligent and plaintiff could not recover.   There was no error in refusing these instructions.   We are of the opinion that the record discloses no substantial error of law.   The judgment is affirmed.

*Affirmed.*